HOSEA STANIELS & another *vs.* JOEL RAYMOND & Trustee.

One to whom an article is delivered on trial, in pursuance of a negotiation for a purchase thereof, who redelivers the article to the owner, within the time limited for the trial, (whether before or after the service of process upon him,) with notice that he does not intend to complete the purchase, but is left in possession of the article, is not liable therefor, as the trustee of the owner.

A supposed trustee, in addition to his sworn answers and statements, may allege and prove any other fact not stated or denied by him, that may be material to the decision of the question of his liability.

Articles exempted from execution by the Rev. Sts. *c.* 97, § 22, are not liable to attachment by the trustee process.

THIS action, which was originally commenced before a justice of the peace, came to this court by appeal from the court of common pleas, upon the answers of the supposed trustee, who disclosed as follows : —

" He had been in treaty with the defendant for a cow to be purchased if approved. No bargain had been completed, and before the time of trying the cow had expired, and before the service of the plaintiff's writ, he had notified the defendant that he should not purchase the cow, and had delivered her to him, but the defendant left her in his possession, where she was at the time of the service of the plaintiff's writ."

In the court of common pleas, the supposed trustee offered to prove, in addition to the facts stated or denied in his answer, that the cow in question was the only one belonging to the defendant, at the time of the service of the process; and that he had offered to prove this fact at the trial before the justice, but that upon an intimation from him that the fact, if proved, would not vary his decision, the trustee waived proving the same.

*M. G. Cobb,* for the plaintiff, referred to *Swett* v. *Brown,* 5 Pick. 178; *Andrews* v. *Ludlow,* 5 Pick. 28; *Allen* v. *Megguire,* 15 Mass. 490; Cushing's Tr. Pro. §§ 33, 34; *Haskell* v. *Sumner,* 1 Pick. 459.

*G. Farrar,* for the trustee, said that the debt, if any were due, depended on a contingency; and so was not liable to attachment by the trustee process. Rev. Sts. *c.* 109, § 30, *cl.* 4. The trustee should have been permitted to prove the additional fact suggested by him. Rev. Sts. *c.* 109, § 15; *Hovey* v. *Crane,* 12 Pick. 167.

WILDE, J. From the facts stated in the answers of the supposed trustee, it is quite clear that he was not indebted to the principal defendant, at the time of the service of the plaintiff's writ upon him, as therein alleged. He had been in treaty with the defendant for the purchase of a cow; but before the service he had declined completing the purchase, and had redelivered the cow, which he had on trial, as by their agreement he had a right to do.

The cow, however, had not been taken away, and the question is, whether the mere possession of the cow, without any claim of right, by the supposed trustee, renders him chargeable under the Rev. Sts. *c.* 109, § 4; and in the opinion of the court it does not. It may well be doubted, whether

the trustee is chargeable according to the literal construction of the statute. The words of the statute are, " Every person, having any goods, effects, or credits of the principal defendant intrusted or deposited in his hands or possession, may be summoned as trustee." The words "intrusted or deposited" imply, in their ordinary signification, something more than mere possession ; but if it were otherwise, such a construction would be unreasonable and inadmissible; for thereby an innkeeper would be chargeable for the property of a traveller, which he might have in possession for the shortest time ; and the hirer of a horse for a ride might be charged as trustee.

Statutes are to be construed according to the intention of the makers, if this can be ascertained with reasonable certainty; although such construction may seem contrary to the ordinary meaning of the letter of the statute. Bac. Ab. Statute I. 5; *Curle's Case*, 11 Co. 3; *Somerset* v. *Dighton*, 12 Mass. 383. Under this rule of construction, it was decided in the case of *Burlingame* v. *Bell*, 16 Mass. 318, and in sundry other cases, that the statute of 1794, *c.* 65, § 1, would not admit of a literal construction, because such would be unreasonable, and could not be supposed to be in conformity with the intention of the legislature. And although the same objections to the literal construction of that statute are not applicable to such a construction of the corresponding provision of the revised statutes, yet the objections to such a construction of the latter statute are equally cogent. Whatever may have been the reason for the alteration of the statute of 1794, by the revised statutes, we think it never could have been the intention of the legislature, that the mere possession of property, by a party having no claim to hold it against the owner, should render him liable therefor as trustee, and thereby to be subjected to trouble and expense in answering to a claim in which he has no interest. Such a construction of the statute would be prejudicial in very many cases, and cannot be admitted ; nor do we think, as before remarked, that a literal construction of the statute would render the supposed trustee chargeabl

But there is another ground, on which the trustee would be entitled to his discharge, provided the fact was as he offered to prove it to be, namely, that at the time of the service of the plaintiff's writ upon him, the cow in his possession was the only cow the principal defendant then owned.

This evidence should have been admitted under the fifteenth section of the chapter of the revised statutes above cited; and if the fact were, as it was offered to be proved to be, the cow was exempted from attachment by the Rev. Sts. c. 97, § 22. But, however the fact may be, we think the trustee is not chargeable on the ground first stated.

*Trustee discharged*

The case of *McElroy* v. *Raymond & Trustee* was argued on the same day, by *E. Buttrick* for the plaintiff, and *G. Farrar* for the trustee. It depended upon the same state of facts with the preceding case, except that in that case the service of the process was *subsequent,* and in this *previous,* to the redelivery of the cow. The trustee was discharged.