Gardiner, Ch. J.
 

 There was but one exception taken before the referee, or discussed by the supreme court in the opinion before us. This exception was to the decision of the referee rejecting the affidavit of the service of notice of the foreclosure and sale of the mortgaged premises, upon the
 
 ground
 
 that the notices were served by a deposit in the post office at Syracuse, where the defendants, or the parties to be affected by them
 
 resided.
 
 The objection was specific, and sustained for the reason assigned, and for no other. The question therefore presented involves merely the construction to be given to the
 
 *190
 
 3d section of the act of 1844 (chap. 346,) providing for the foreclosure of mortgages. That section declares that notice may be served upon the mortgagor, his grantees and subsequent incumbrancers, personally,
 
 or
 
 by leaving the same at the dwelling house of the person to be charged therewith, fourteen days at least, prior to the time therein specified for such sale,
 
 “or
 
 by serving a copy of such notice upon such persons at least 28 days prior to the time therein specified for the sale, by
 
 depositing the same
 
 in the post oflice, properly folded and directed to the said persons, at their respective places of residence.” There is no ambiguity in this language. The legislature have not made the validity of the notice to depend upon the location of the post office, but upon a deposit therein of a notice properly folded and directed to “ said persons at their respective places of residence.” This was literally performed in this case. The parties resided within the bounds of Syracuse; and notices properly folded and directed, were deposited for them in the post office at that place.
 

 It is not denied, that if regard is had merely to the language of the statute, legal notice was given in this case ; but it is said that acts of the legislature may be restrained, enlarged, and the letter disregarded, by construction. This may be true where the intent of the makers of the law is manifest, or where the construction according to the terms of the act would be unreasonable or absurd. But this doctrine has no application to this statute, that I can perceive. There is nothing more unreasonable in directing notice by depositing it in the post office according to the provisions of this statute, than in making publication in a newspaper, and posting upon the door of a court house, equivalent to a personal notice. Such was the former law in relation to this subject. The legislature by this act have superadded to the requirements of the law then existing, personal notice, or as its equivalent, a notice of the same facts, deposited in a post office, in the manner prescribed in the statute. The mortgagee has his election as to the mode in which the notice shall be given. There is nothing therefore in the previ
 
 *191
 
 ous law or in the nature of the proceedings, to induce the supposition that the legislature intended any thing more than it has said. The statute in relation to notices to indorsers by mail, which has been referred to, recognizes, in terms, the existing law upon that subject,, which required
 
 personal
 
 notice, where the parties resided in the
 
 same
 
 place. It only professes to regulate notices “ where the same
 
 may be given,
 
 by sending the same by mail,” and of course, only applies to cases where the residences of the holder and indorser are different.
 

 Again, the construction claimed for this law by the respondent, instead of avoiding an absurdity, leads in practice to one. In this case, if the plaintiff had gone to an adjoining town and deposited the same notice, with the same direction, the service would have been perfect. The notic.e as it is urged, would then have been transmitted by mail; yet the chances of its reception by the mortgagor or his grantees would be less, obviously, than if it had been deposited at Syracuse, where both parties resided. The truth is, that a letter deposited in an office, is in every reasonable sense “ transmitted,” whether the person addressed resides in the same place or at a different one. The parties in both cases avail themselves of the services off the same public agent acting under the same official responsibility. The only difference is, that in one case the letter is put into a mail bag, and in the other into a box for delivery. But it is unnecessary to consider this point. , The statute under consideration directs the notice to be
 
 deposited,
 
 and is silent upon the question of transmission.
 

 I see no reason for departing from the plain language of this statute, and am therefore of the opinion that the judgment should be reversed and a new trial ordered.
 

 Parker, J., also delivered an opinion, to the same effect as the foregoing.
 

 Ruggles, Johnson and Edwards, Js., concurred.
 

 Denio and Allen, Js., dissented.
 

 Judgment reversed.