W. E. CLARK et al., Constituting Board of Managers of STATE HOSPITAL NO. 3, Appellants; v. COLE COUNTY.

### Division Two, October 9, 1917.

1. **INSANE PATIENT:** County Charge. A state hospital makes out a prima-facie case for a claim against the county by showing that

the patient had entered the hospital as a county patient and that the charges for a definite subsequent period had not been paid.

2. ——: ——: **Inheritance of Estate: Notice to State Hospital: Evidence That Notice Was Received.** Where the county court made an order reciting that a certain person, theretofore confined in a state hospital as a county patient, had become possessed of an estate sufficient to support himself and family, that the probate court had appointed a guardian to take charge of his person and estate, and ordering that such person be no longer a charge upon the county, a transmission of that order to the hospital, in the manner prescribed by Sec. 1429, R. S. 1909, bars the right of the hospital board to recover from the county for the keep of said patient thereafter; and testimony by the deputy county clerk that on the same or the next day after the order was made he made a certified copy of it, inclosed it in an envelope with the county clerk's return address thereon, sealed it, directed it to the superintendent of the hospital, and mailed it, and that he had a specific recollection of mailing the particular document, is positive evidence that the order was received by the hospital, and sufficient to raise a prima-facie presumption that the superintendent received the copy so sent, and to submit that issue to the jury.

3. ——: ——: ——: **Instruction: Changing ''Deposited With'' to ''Transmitted To:'' Definition.** The court did not err in changing the words "deposited with" to "transmitted to" in the instruction asked by the hospital, directing the jury that although they might find from the evidence that the county court made the order transferring the insane patient from a county charge to a pay patient, yet, unless they should further find that a certified copy of the order was "deposited with" the superintendent of the hospital, the verdict should be for it. The statute requires the clerk to "transmit" the certificate to the superintendent, and that duty is discharged when the order is duly mailed in an envelope and addressed to the proper party. That is the meaning of "transmit," while "deposit with" is not synonymous with "filing," but means something more than "to deliver" and something different.

4. ——: ——: ——: ——: **That Notice Was Received.** The appellant hospital cannot complain that the jury was not required in terms to find that the order of the county court transferring an insane person theretofore kept at the hospital as a county charge to a pay patient, was actually received by the hospital authorities, where the word "received" was contained in no instruction asked, and the theory of appellant's instruction on which the issue went to the jury was that the proper mailing of the order was a prima-facie presumption that it was duly received.

Appeal from Cole Circuit Court.—*Hon. John M. Williams*, Judge.

AFFIRMED.

*Lee B. Ewing* and *Irwin & Peters* for appellants.

(1) The appellants made a prima-facie case by showing that Raithel had been an inmate of State Hospital No. 3, as county charge of Cole County, since January 1, 1889, and by introducing the certified copy of the account sued on. R. S. 1909, secs. 1389, 1429. (2) Appellants having shown that Raithel had long been maintained by Cole County at State Hospital No. 3, that county could only relieve itself from payment for his care by showing that its county court had made an order transferring him to a pay patient, and that a certified copy of this order was lodged with the hospital superintendent. R. S. 1909, sec. 1429. (3) There could be no presumption that the certified copy of the order of the county court of Cole County was received by the superintendent until it was first shown that the certified copy was placed in an envelope, properly addressed, bearing sufficient postage, and then deposited in the postoffice. Sills v. Burge, 141 Mo. App. 148; Grain Co. v. Railway, 120 Mo. App. 203; Goucher v. Novelty Co., 116 Mo. App. 99; Best v. Ins. Co., 68 Mo. App. 598; Welsh v. Fund Soc., 81 Mo. App. 30; 22 Am. & Eng. Ency. Law (2 Ed.), p. 1255. (4) Any presumption arising of receipt of a letter deposited in postoffice, properly addressed, bearing sufficient postage, is overcome by testimony of addressee that the letter was not received. 22 Am. & Eng. Ency. Law (2 Ed.), pp. 1255-56; Morton v. Morton, 16 Colo. 358. (5) There can be no presumption that a letter was received by the mere proof that it was mailed, i. e., dropped in the postoffice. To do this would be to base this presumption upon another presumption, i. e., that the letter was properly addressed, and bore sufficient postage. Yarnell v. Railway, 113 Mo. 580; State v. Lackland, 136 Mo.

32; Bigelow v. St. Ry. Co., 48 Mo. App. 371; Glick v. Railway, 57 Mo. App. 104; Button Co. v. Shirt Co., 140 Mo. App. 382; Haynie v. Pkg. Co., 126 Mo. App. 92; Moore v. Renick, 95 Mo. App. 95; 22 Am. & Eng. Ency. Law (2 Ed.), p. 1236. (6) Appellants' peremptory instruction should have been given at close of defendant's case, also at close of the whole case. Moore v. Railway, 28 Mo. App. 622; Haynie v. Packing Co., 126 Mo. App. 88. (7) Appellants' Instructions "C" and "D" should have been given in the form asked. Webster's Dictionary; 4 Encyclopaedic Dictionary, p. 4794; R. S. 1909, sec. 1429.

*D. F. Calfee* and *J. H. Lay* for respondent.

When a letter is properly addressed and mailed, with postage prepaid, there is a rebuttable presumption of fact that it was received by the addressee as soon as it could be transmitted to him in the usual course of the mails. 16 Cyc. 1065; McFarland v. Accident Assn., 124 Mo. 204; Bank v. Latimer, 64 Mo. App. 321. Presumption of receipt of a letter by mail is strengthened —"becomes well-nigh conclusive"—where the letter bears a return request and is not returned to the sender. 16 Cyc. 1066-1071.

WHITE, C.—The plaintiffs brought this suit against Cole County, on account, for the maintenance of one John Raithel, insane, at State Hospital No. 3, from September 1, 1908, to September 17, 1910. After Raithel had been kept there some years as a county patient at the expense of Cole County, on October 2, 1907, an order was made by the county court of Cole County directing the clerk to notify the superintendent of State Hospital No. 3 that said Raithel was possessed of an estate and would be kept no longer at the hospital at the expense of the county. This order was not transmitted to the hospital authorities. On July 15, 1908, another order was made in the matter which recited that John Raithel had become possessed of an estate sufficient to support himself and family, and

upon notice thereof the probate court of Cole County had appointed a guardian to take charge of his person and estate; it was therefore ordered that said Raithel be no longer a charge upon said county and that his charge be transferred to his guardian so appointed, and that the superintendent of State Hospital No. 3 be so notified.

The only question of fact at issue is whether this last mentioned order was transmitted to State Hospital No. 3 at Nevada, Missouri, in accordance with requirement of Section 1429, Revised Statutes 1909. It is conceded by appellants that if it was received by the hospital authorities in due time then the maintenance of Raithel ceased to be a charge upon Cole County after September 1, 1908, and the county is not liable. The trial was by jury and the verdict for defendant.

I. Error is assigned to the action of the trial court in refusing to give a peremptory instruction directing a verdict for plaintiff. It is claimed there was no evidence to show the order mentioned was received by the hospital superintendent.

**Order of County Court: Transmission to Hospital.**

The plaintiffs first made out their prima-facie case by showing that the patient entered the hospital as a county patient. The defendant introduced the order of July 15, 1908, and then introduced Dr. O. L. Moore, who was deputy county clerk of Cole County at the time the said order was made. He testified that either the same day or the next day after the order was entered he made a certified copy of it and mailed it, in the county official envelope with the county clerk's return address on the envelope, to the superintendent of the institution at Nevada, Missouri; that he had a specific recollection of mailing the particular document; that he recollected it because there had been a question as to whether he had sent a copy of the first order made in 1907, and to be on the safe side the second order was made in 1908. He said he was positive he made a copy of the order and put it in an envelope, "sealing it and stamping it and putting it in the post office." It was further shown by defendant

that the guardian of Raithel, on June 10, 1908, paid Hospital No. 3 the sum of $67 on account of the care of Raithel.

The evidence made out a prima-facie case of delivery. The testimony of Moore was sufficient to raise the prima-facie presumption that the addressee, the superintendent of State Hospital for the Insane, No. 3, at Nevada, Missouri, received the copy so sent, and to submit that issue to the jury. [Covell v. Western Union Telegraph Co., 164 Mo. App. l. c. 635; McFarland v. Accident Assn., 124 Mo. l. c. 219; Sills v. Burge, 141 Mo. App. l. c. 154; Grain Co. v. Mo. Pac. Ry. Co., 120 Mo. App. l. c. 210; Edwards v. Miss. Valley Ins. Co., 1 Mo. App. l. c. 198; Cromwell v. Phoenix Ins. Co., 47 Mo. App. l. c. 111.]

This presumption was rebuttable and the plaintiffs introduced evidence tending to rebut it. However, the jury found the fact in favor of the defendant and the evidence was sufficient to sustain the finding.

II. Complaint is made by the appellants of the refusal of the court to give two instructions, "C" and "D," as asked by them, and of the court's action in modifying them. These instructions directed the jury that although they might find from the evidence that the county court of Cole County made the order of transfer, yet, unless the jury should further find that a certified copy of the order *"was deposited with"* the superintendent of said Hospital No. 3, the verdict should be for the plaintiff. The trial court modified the instructions by erasing the words "was deposited with" and inserting the words "was transmitted to." It is claimed that the instructions so modified did not require the jury to find that the order was actually received by the hospital authorities. The court in modifying the instructions simply used the language of the statute, Section 1429, which says:

"If the county court of the proper county shall so order, the clerk thereof *shall transmit* to the superintendent a certificate, under his official seal, setting forth that any county patient in the state hospital from his county has sufficient estate to support and maintain him at the

hospital. After the receipt of this certificate the patient shall be a pay patient," etc.

The duty of the clerk of the county court is set out in the use of the word "transmit." As the word is defined, that duty is discharged when it is shown that the order was duly mailed in an envelope stamped and addressed to the proper party. The receipt of the order is then prima-facie presumed. Such is the meaning attached by the authorities to the word "transmit." [Stanton v. Kline, 11 N. Y. 196; Davies v. Newcastle & L. Ry. Co., 71 Ohio St. 325.] The words used in the instruction as asked, "was deposited with," have a significance beyond the duty required of the county authorities. To deposit is not synonymous with "filing." [People v. Peck, 22 N. Y. Supp. 576, l. c. 583; United States v. Van Duzee, 185 U. S. 278, 46 L. Ed. 909, l. c. 910.] "To deposit" means something more than "to deliver" and something different. [Staniels v. Raymond, 58 Mass. 314, l. c. 316; Toler v. White, 24 Fed. Cases, 3-5.]

Counsel for the appellants complain that the jury should have been required in terms to find that the order was actually "received" by the hospital authorities. The appellant asked no instruction requiring a finding in that form; the word "received" was not used in any instruction asked. The plaintiffs asked an instruction, which was given, to the effect that unless the jury should find that a certified copy of the order was deposited in the United States mail, bearing the proper address of the superintendent of the State Hospital No. 3 at Nevada, Missouri, and bearing the required amount of postage to carry said copy to its destination, the verdict should be for the plaintiffs. Thus the theory of plaintiffs on which the issue went to the jury was that the proper mailing was a prima-facie presumption of the receipt of the document. That instruction, together with the instructions requiring the jury to find the order was "transmitted," in the absence of any request by the plaintiffs for further qualifying or specific instruction relating to the actual delivery and receipt

of the order, was entirely sufficient to submit to the jury the issue as to whether the order was received.

Finding no error in the record the judgment is affirmed.

*Roy, C.,* concurs.

PER CURIAM: The foregoing opinion by *White, C.,* is adopted as the opinion of the court. All of the judges concur.