Vol. 276,        OCTOBER TERM, 1918.        441

State ex rel. Blaser v. Mo. Pac. Ry. Co.

THE STATE ex rel. A. E. BLASER, Collector, Appellant, v. MISSOURI PACIFIC RAILWAY COMPANY.

### Division One, December 30, 1918.

1. **COUNTY TAX: Forty Cents: Incorporated Cities.** A levy of forty cents on the hundred dollars of assessed value of all property in the county, including the property in incorporated towns and cities, made by the county court, for current county expenses, in a county whose taxable wealth is more than six and less than ten millions, is a valid tax, and is not rendered invalid by Section 10481, Revised Statutes 1909, as amended by Act of 1913, Laws 1913, p. 667, requiring the court to levy a tax of not more than twenty nor less than ten cents on all property outside of such towns, as a road tax.

2. ————: ————: ————: **Set Apart for Road Uses.** The road tax mentioned in said statutes is a part of the county funds, and if the court sets aside ten cents of the forty-cent levy for road purposes, as directed by said laws, still the taxpayer must pay the forty cents; and if it is not by formal order distributed as they or other statutes direct, it is nevertheless a trust fund, and the county court, after the tax is collected, may be compelled to transfer to the road fund the ten cents apportioned by those statutes to that purpose.

3. ————: **Levied by County Court.** If the tax is levied by the county court it cannot be held invalid on the theory that it was levied by the county clerk or his deputy, as in Railroad v. Apperson, 97 Mo. 300, or State ex rel. v. Hannibal & St. Joseph, 135 Mo. 618.

Appeal from Cole Circuit Court.—*Hon. J. G. Slate,* Judge.

REVERSED AND REMANDED.

*D. F. Calfee* and *H. J. Westhues* for appellant.

(1) If the levy made by the county court was not properly divided or apportioned, the only remedy was by mandamus, or through a proceeding by the road district affected. (2) The county court had the right

to make a levy, not exceeding forty cents on the $100 assessed valuation, for county purposes. Sec. 11, Art. 10, Constitution; Secs. 11420, 11421 and 11422, R. S. 1909. And a road tax is a tax for county purposes within the meaning of the Constitution. State ex rel. Love v. Hannibal & St. J. Ry. Co., 101 Mo. 120; State ex rel. Vaught v. Railroad, 270 Mo. 261. (3) The first duty of the county court was to make a levy for county purposes sufficient to pay the current expenses of the county for that year. Under the Constitution, counties are placed on a cash basis and the county government is required to pay the current expenses of each year out of the current revenue of that year. Secs. 11 and 12, Art. 10, Constitution; Anderson v. Ripley County, 181 Mo. 65; State ex rel. Egger v. Payne, 151 Mo. 671; Book v. Earl, 87 Mo. 246. And if Sec. 10481, R. S. 1909, as amended by Act of 1913, Laws 1913, pp. 667, 668, is to be construed as respondent contends, then its effect would be to deprive the county court of the right to make a levy for county purposes sufficient to pay the county's current expense, and said Act of 1913 is unconstitutional and void, as being in violation of Sec. 3, Art. 10, State Constitution.

*Roy D. Williams* for respondent.

(1) There was no sufficient levy made by the county court of Cole County, and no such levy as the law required. St. Louis & S. F. Railway Co. v. Apperson, 97 Mo. 300; State ex rel. v. Hannibal & St. Joe Railway Co., 135 Mo. 619. (2) The Act of 1913, Laws 1913, pages 666-668, is constitutional and binding upon the county courts. Carthage Special Road District v. Ross, 270 Mo. 76; State v. Everett, 245 Mo. 706. (3) Under the Act of 1913 the county court was not only authorized but was imperatively directed to levy ten cents upon the property mentioned in Section 10481. There is nothing in the order set out indicating even an intention to levy the tax as required by Section 10481. The deduction of $17.07 was for the excess of the assessed valuation of

the railroad property apportioned to the cities of Centertown, Lohman and Russellville. These towns were incorporated towns outside of special road districts, which are especially mentioned in the law.

RAILEY, C.—This action was commenced in the circuit court of Cole County, Missouri, on May 21, 1915, by the State, at the relation of A. E. Blaser, Collector of the Revenue of Cole County, to collect from defendant $17.07 of back taxes alleged to be due for the year ending June 1, 1913.

It appears from the record that the assessed valuation of Cole County for the years 1912 and 1913 was over six million and under ten million dollars. By virtue of Section 11 of Article 10 of the Constitution of 1875 of Missouri, the county court of said county was authorized to levy, and did levy, forty cents on the one hundred dollars assessed valuation of property in said county for county purposes. The county court of said county, in making said levy, entered of record the following order:

"Ordered by the court that a tax be and the same is hereby levied upon the assessed valuation of Railroad, Telegraph, Telephone and Bridge Companies in Cole County, Mo., for 1913, as follows:

"State Rev. 15c, State Int. 2c, State Cap. 2c, total, 19c on the $100 assessed valuation, County Rev. for current expenses 40c, Inst. 5c, Sinking Fund 5c, total 50c on the $100 assessed valuation. Special road and bridge tax under constitutional amendment, 25c on the $100 assessed valuation.

"I. D. BOND, Presiding Judge."

At the trial, it was stipulated and agreed that $17.07, the amount of the taxes sued for, exclusive of penalty, interest, fees and costs, was equal to the amount of taxes produced by a levy of ten cents on the one hundred dollars assessed valuation of the railroad property of the defendant, for 1913, in the towns of Russellville, Centertown and Lohman, and that said towns

444 · SUPREME COURT OF MISSOURI,

State ex rel. Blaser v. Mo. Pac. Ry. Co.

were incorporated in Cole County, Missouri, and were not in any special road district.

The contention of respondent was, and is, that the above levy was not authorized by law; that the statutes of Missouri required a levy of at least ten cents on the one hundred dollars' valuation for road district purposes on all property outside of incorporated cities, towns and villages in any special road district; that Cole County could levy, for county purposes, only thirty cents on the one hundred dollars valuation on respondent's property in Russelville, Centertown and Lohman; and that the respondent company did not, therefore, owe the $17.07 which represented the difference between the amount produced by a forty-cent levy and the amount produced by a thirty-cent levy on defendant's railroad property in said towns.

Appellant, by the reply and by declarations of law, attacked the constitutionality of Section 10481, Revised Statutes 1909, as amended by an act of the Central Assembly approved March 25, 1913, Laws 1913, pages 667-8.

At the trial, appellant offered to show by the county clerk, deputy clerk and presiding judge of the county court of said county, as well as by the records thereof, that a levy of thirty cents on the one hundred dollars' valuation for county purposes for the year 1913 would not have produced a sufficient amount of taxes to pay the actual running expenses of said county. Counsel for respondent admitted the testimony of said witnesses to be as offered by appellant, and that the records of said county would show the same thing.

It is conceded that defendant paid all of its taxes, except that sued for in this action.

Respondent offered no evidence.

The judgment of the lower court was for respondent, and appellant, after motions for a new trial and in arrest of judgment were filed and overruled, appealed to this court.

1. There appears to be no controversy over the facts in this case. The county court of Cole County,

by an order entered of record, levied for *county purposes* forty cents on the hundred dollars for 1912 and

<div style="margin-left:1em">Act of 1913.</div> 1913. As the assessed value of the property in said county was more than six and less than ten million dollars, the levy was made for the maximum amount authorized by Section 11 of Article 10 of our Constitution. In addition to the levy for State purposes, there was levied under the constitutional amendment of 1908, twenty-five cents on the $100 assessed valuation as a special road-and-bridge tax.

Respondent relies upon the Act of 1913, Laws 1913, at pages 667-8, which provides that:

"The county court in the several counties of this State, at the May term thereof in each year, shall levy upon all real and personal property made taxable by law, outside of incorporated cities, towns and villages, a tax of not more than twenty cents, nor less than ten cents, on the one hundred dollars' valuation, as a road tax, which levy shall be collected and paid by the collector into the county treasury as other revenue, and the county treasurer shall place the same to the credit of the road district from which said tax was collected, and shall pay the same to the overseer of said district on the warrants of the county court. . . ."

Section 10481, Revised Statutes 1909, of which the above act is amendatory, *did not require a levy of at least ten cents on the hundred dollars' valuation.*

The validity of above Act of 1913 is assailed on the ground that its enforcement would not leave the county with sufficient revenue to meet its current expenses on a thirty-cent levy.

We have heretofore held that the road tax, contemplated by said Section 10481 and the Amendatory Act of 1913, is considered a part of the *county funds,* and, hence, must be governed by the provisions of Section 11 of Article 10 of our Constitution, limiting the rate in this case to forty cents on the one hundred dollars' assessed valuation of property in said county. [State ex rel. v. Railroad, 270 Mo. l. c. 261, 192 S. W. 990; State ex rel. Love v. The Hannibal & St. J. Ry.

446 SUPREME COURT OF MISSOURI,

State ex rel. Blaser v. Mo. Pac. Ry. Co.

Co., 101 Mo. 120.] Leaving out of consideration the Act of 1913, supra, and considering the situation under Section 10481, as unamended, it is clear that the county court might have made a *nominal* levy for road purposes, under said section, and could have furnished funds out of the twenty-cent levy for road purposes under the constitutional amendment of 1908 (See Sec. 10482, R. S. 1909, as amended, Laws 1913, pages 668-9), to supply the deficiency, if necessary. If, therefore, the Act of 1913, Laws 1913, pages 667-8, be considered unconstitutional, it necessarily follows from the foregoing, that relator would be entitled to recover in this action.

II. Is the relator entitled to maintain this action, *regardless* of the constitutionality of the Act of 1913 supra? The county court levied the full forty-cent limit in this case. If it had set apart thirty cents on the one hundred dollars' assessed valuation out of same for county purposes, exclusive of the roads mentioned in Section 10481 and the above act, and had set apart ten cents on the one hundred dollars' valuation for the roads mentioned in said laws, then the respondent would have been compelled to pay, according to its own conception of the law, the full forty-cent rate on the one hundred dollars' valuation.

The duty of the county court in regard to appropriations, is found in Section 11423, Revised Statutes 1909, which reads as follows:

"The county courts of the several counties of this State are hereby authorized and empowered, at the first regular term of such court after the taking effect of this chapter, and at the May term every year thereafter, to appropriate, apportion and subdivide all the revenues collected, and to be collected, and moneys received and to be received, in the various counties in the State, for county purposes, in the following order:

"I. A sum sufficient for the payment of all the necessary expenses that may be incurred for the care of paupers and insane persons of such county.

"II.  A sum sufficient for the payment of all necessary expenses for the building of bridges and repairing of roads, including the pay of road overseers of such county.

"III.  A sum sufficient for the payment of the salary of all county officers, where the same is by law made payable out of the ordinary revenues of the county.

"IV.  A sum sufficient for the payment of the fees of grand and petit jurors, judges and clerks of elections, and fees of witnesses for the grand jury of the county.

"V.  A sum sufficient for the payment of the other ordinary current expenses of the county, not hereinbefore specially provided for, which shall be known and designated as the contingent fund of such county; which last sum shall in no case exceed one-fifth of the total revenue of such county for county purposes for any one year."

While the county court in this case did not follow the above statutory *form* of appropriations, yet it has levied all that could be levied under Section 11 of Article 10 of our Constitution. When the full amount thus levied is collected, it is held by the officer in charge thereof as a trust fund. If the county court, after the revenue is thus collected, should refuse to apportion the ten cents on the one hundred dollars' valuation to the roads contemplated by said Section 10481, and the Amendatory Act of 1913, it may be proceeded against by law to transfer the same, and in that proceeding, the validity of the Act of 1913 supra might be challenged by the county court, if it desired to do so. Under the circumstances of this case, we are of the opinion that the defendant should have paid the taxes in controversy and left the distribution of same to be determined thereafter.

III.  It is insisted by respondent that there was no sufficient levy made by the county court of Cole County, and no such levy as the law required. In sup-

Levied by Court.
port of this contention we are cited to St. Louis & S. F. Ry. Co. v. Apperson, 97 Mo. 300, and State ex rel. v. Hannibal & St. J. Ry. Co., 135 Mo. 618. In the Apperson case, SHERWOOD, J., at pages 305-6, speaking for this court, said:

"The admitted facts in this case show that the receipt from the Auditor of the certificate of the action of the Board of Equalization, etc., under the provisions of Section 6879, was received by the clerk July 28, 1884, and no levy of taxes was made by the county court as required by that section, but the deputy county clerk, *of his own head,* in July or August, 1884, during vacation, made out the railroad tax-book already mentioned, and extended the taxes thereon, and this was the only book made out or delivered to the collector, the deputy county clerk, obtaining his rates and his *data* for that purpose from the order of the county court, made in June, 1884, levying taxes on the *general property* of the county. This action of the official mentioned, it is scarcely necessary to say, was wholly unwarranted, and at war with the plain provisions of Sections 6879 and 6881, of the revenue law."

In the case at bar, the *county court* of Cole County did act and enter of record a levy for the full forty-cent limit.

In State ex rel. v. Hannibal & St. J. Ry. Co., 135 Mo. l. c. 627-8, it appears that the secretary of the board of directors of the school district of Kansas City, Missouri, issued a certificate reciting that the school board had made a certain levy and setting the same out, BRACE, J., on page 628, said: "Upon the authority of this certificate the clerk without any order of the county court, extended upon the tax book the Kansas City school tax of five mills against defendant's local property described as tracts 1, 2, 3, 4, 5, 6, 7, 8, which is the subject of defendant's first objection." After considering the subject, Judge BRACE, on page 629, said: "It follows that the Kansas City local school tax sued for, not having been levied by the county

court of Jackson County, the circuit court committed no error in refusing to sustain such tax.''

In each of the above cases, the *county court* took no action whatever, while in the case before us, it did act, as shown by the record, and levied the highest amount authorized by the Constitution.

IV. We are of the opinion, that the trial court reached an erroneous conclusion as to the merits of Conclusion. this controversy. We accordingly reverse and remand the cause, in order that it may be disposed of in accordance with the views heretofore expressed.

*Brown, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur; *Bond, C. J.,* in Paragraph 2, and the result; *Blair, P. J.,* in the result.