STATE of Missouri, Plaintiff-Respondent,

v.

Harvey F. EUGE, Defendant-Appellant.

No. 30646.

St. Louis Court of Appeals.

Missouri.

Sept. 19, 1961.

Rehearing Denied Oct. 17, 1961.

Harvey F. Euge, pro se.

William J. Geekie, Pros. Atty., and Sidney Faber, Asst. Pros. Atty., St. Louis, for respondent.

DOERNER, Commissioner.

Defendant, Harvey F. Euge, was found guilty of the offense of issuing a check with intent to defraud, in violation of Section 561.460 (all statutory references are to ˙RSMo 1959, V.A.M.S.) and his punishment ˙fixed by the jury at a fine of $200. He appealed from the ensuing judgment, but .filed no brief in this court, nor did the State. Accordingly, we review the essential record and the assignments in defendant's motion for a new trial properly preserving alleged error for review. Supreme Court Rules 27.20, 28.02, 28.08, V.A.M.R.; State v. James, Mo., 347 S.W.2d 211.

Defendant's motion contains twenty purported grounds for a new trial. It was prepared by defendant, a layman, after court-appointed counsel who had represented him at the trial had sought and obtained permission to withdraw. The majority of the assignments are too general to comply with Sp.Ct.R. 27.20(a). In fact, they are so vague and indefinite that it is difficult to ascertain the nature of the errors alleged to have been committed by the trial court. As best we can understand them, defendant's motion attacks the information; the refusal of the court to grant a change of venue; the overruling of defendant's motion to set aside the order overruling defendant's plea in abatement; the admission of certain evidence; the denial of a request for a mistrial; the sufficiency of the State's evidence to support the verdict; and the giving of those instructions given by the court, and the refusal to give others offered by defendant. ·

■ We note that in defendant's motion it is also claimed that he was denied the equal protection of law, and that a statute, not designated but presumably Section 561.470, is unconstitutional "in that it is in direct opposition and violation of the Presumption of Innocence * * *," and therefore in conflict with both the Missouri and United States constitutions. A question as to our jurisdiction of this appeal necessarily arises, for regardless of the fact that defendant was convicted of a misdemeanor, jurisdiction of his appeal would be vested in the Supreme Court if a constitutional question was involved. Art. V, Sec. 3, Const. of Mo., V.A.M.S. ˌHowever, if it was defendant's intention to present such an issue for appellate review he has failed to comply with the requirements as to the mode and time of raising a constitutional

question. State ex rel. Kirks v. Allen, Mo., 250 S.W.2d 348; City of St. Louis v. Stenson, Mo.App., 333 S.W.2d 529. The mere assertion that a defendant has been denied the equal protection of law, like the assertion that defendant has been denied due process of law, does not call for the construction of the constitution so as to divest this court of jurisdiction of an appeal. State v. Brookshire, Mo., 325 S.W.2d 497. Furthermore, raising a constitutional question in order to vest jurisdiction in the Supreme Court is not a mere matter of form, Magenheim v. Board of Education of School District of Riverview Gardens, Mo., 340 S.W.2d 619, and if the contention sought to be made is not real and substantial, but merely colorable, as here, that court does not have jurisdiction. City of Webster Groves v. Quick, Mo., 319 S.W.2d 543. It follows that we have jurisdiction of defendant's appeal.

■ An examination of the information claimed to be defective discloses that, in substance, it charges that the defendant, with intent to defraud the Slovan Savings and Loan Association, on October 7, 1958, in the City of St. Louis, made and delivered his check for $12.50, drawn on the Lindell Trust Co., to the Association, knowing that at that time he did not have sufficient funds in or credit with said Trust Company for the payment of the check in full upon its presentation. The information follows the wording of Section 561.460 and alleges all of the facts necessary to bring the defendant within the provisions of that section. It is therefore sufficient. State v. Kaufman, Mo.App., 308 S.W.2d 333.

■ Defendant was arraigned on September 3, 1959, and pleaded not guilty. Thereafter, on November 3, 1959, he filed what was termed a "Verified Plea in Abatement or in the Alternative Motion to Quash the Information and Motion to Dismiss." It is not clear from the transcript when this "plea in abatement" was presented and heard, but the record shows that it was overruled on April 4, 1960. Ten days later,

on April 14, 1960, defendant filed what he stated was " * * * a motion for a new trial in the overruling of the plea in abatement." When the case was called for trial on April 18, 1960, this so-called motion for a new trial remained undisposed of, and upon having his attention called to it the trial court overruled the motion. In his motion for a new trial defendant does. not complain that the court erred in overruling what he called his "plea in abatement." His assignments are that the court committed error, first, in overruling the so-called motion for a new trial; and secondly, that the court lacked jurisdiction to immediately proceed with the trial because "the motion for new trial carries a ten day period before it becomes final." It is perhaps unnecessary to state that at the time these anomalous pleadings were prepared and filed defendant was acting as. his own counsel. Under our Code of Criminal Procedure pleas, demurrers and motions. to quash were abolished, and such defenses. or objections which formerly were raised by one or more of them must now be raised by a motion to dismiss or to grant appropriate relief. Sp.Ct.R. 25.05(a). There is, of course, no provision in our Code of Criminal Procedure for a motion for a new trial when a motion to dismiss (or a so-called plea in abatement) is overruled, and defendant's alleged motion for a new trial from the order overruling his "plea in abatement" was a nullity. Nor is there any part of the Code which would prohibit a court from immediately trying the case when, to clear the record, it overruled such an ineffectual motion.

In addition to his so-called plea in abatement, following his arraignment and plea, defendant filed an application for a continuance (granted); a request to defend as a poor person (diposition not shown); a request for the appointment of an attorney to represent him (granted); a request that. the court take judicial notice of an impediment in his speech; and an application for a change of venue. In the latter it was alleged that the judges of both Divisions of.

the St. Louis Court of Criminal Correction were biased and prejudiced against defendant; and in the concluding sentence of the body, of the application it was alleged " * * * that the Citizens of the City of St. Louis are also *prejudice* against defendant and by reason thereof defendant can not obtain a fair and impartial trial in said City and before the said judges aforesaid." The prayer was " * * * for an order for a change of Venue to the County of St. Louis * * *." Pursuant to the motion, the Honorable J. Casey Walsh, one of the judges of the Twenty-Second Judicial Circuit, was by an order of the Supreme Court, transferred to the St. Louis Court of Criminal Correction to try this cause, in accordance with Sp.Ct.R. 30.15. When the case was called for trial before him, on April 18, 1960, defendant, in the presence of his court-appointed counsel, protested that he had requested a change of venue to St. Louis County. A colloquy ensued between the court and defendant as to whether that part of the motion had been disposed of, and upon defendant's insistence that it had not, the court stated: "Well, we will take it up. What do you want to say about that?" Defendant replied that he thought the cause should be moved to the county, and when pressed for his reason, stated that it was because he had been found guilty in a prior case. The court thereupon ruled " * * * If that is the basis for your change of venue, it will be overruled. * * "

The assignment of error appearing in defendant's motion for a new trial is that "the court erred in overruling defendant's request for the hearing on his change of venue previously filed in said cause for the removal of the cause to the County of St. Louis State of Missouri." As the foregoing excerpt shows, defendant's request for a hearing on his application was granted, and the court afforded defendant an opportunity to be heard on his application. Taking a charitable view, if by the foregoing language the defendant intended to say that the court erred in denying the application, such a contention is likewise without merit. A defendant is not entitled to a change of venue to another county as a matter of course, or merely because he alleges prejudice against him on the part of the inhabitants of the county in which the cause is pending. Not only must his application be timely filed, which defendant's was not, Sp.Ct.R. 30.03, but it must be supported by the affidavit of the petitioner "and by the affidavits of at least two credible, disinterested citizens of the county where the case is pending." Sp.Ct.R. 30.04. No affidavits of citizens of the City of St. Louis were filed in support of defendant's application, and that deficiency alone was a sufficient ground upon which to overrule defendant's application. State v. Taylor, 330 Mo. 1036, 51 S.W.2d 1003; State v. Kocian, Mo., 208 S.W. 44. Furthermore, Sp.Ct.R. 30.04 requires that the alleged bias and prejudice of the inhabitants " * * * shall be proved to the satisfaction of the court by legal and competent evidence * * *," and the mere fact that defendant had been found guilty on some prior charge was not sufficient evidence to show that the inhabitants of the City of St. Louis were so biased and prejudiced against him that he could not obtain a fair trial in the instant case. State v. Rasco, 239 Mo. 535, 144 S.W. 449; State v. Vickers, 209 Mo. 12, 106 S.W. 999.

Defendant's next assignment of error, variously stated in only general terms and without specification, is that the State's evidence was not sufficient to support the verdict. The elements of the offense denounced by Section 561.460 are the making and delivery of the check by the accused, the insufficiency of his funds in or credit with the bank on which the check is drawn for payment in full upon presentation, knowledge thereof on the part of the defendant, and his intent to defraud. State v. Brookshire, Mo.App., 329 S.W.2d 252; State v. Kaufman, Mo.App., 308 S.W.2d 333. The evidence on behalf of the State showed that defendant opened a savings account with the Slovan Savings and Loan Association, of St. Louis, on October 3, 1958, and

deposited therein the sum of $10. On October 7, 1958, he presented to the Association his check for $12.50, dated on that day, made payable to cash, and drawn on the Lindell Trust Co., of St. Louis, and instructed the Association to credit his savings account with $2.50 and to give him the difference of $10 in cash. The teller did so, but when defendant's check was presented to the Lindell Trust Co. payment was refused because of insufficient funds, and the check was returned to the Association. The Association thereupon sent defendant a letter advising him that his check had been returned because of insufficient funds, and requesting that he make the check good. Defendant did not respond, and a second letter of similar import, registered and addressed to defendant at the only address for him appearing on the Association's books and records, was thereupon mailed to defendant by one of the Association's officers. Defendant never paid the check up to the time of trial. It was shown by other evidence that the post office box was defendant's postal address, and had been since 1951. The records of defendant's checking account at the Lindell Trust Company were produced, and showed that on the day defendant delivered his check to the Association the balance in his account was only $1.80. They also showed that the balance on subsequent days, through October 13, 1958, was never sufficient to pay the check. Defendant did not testify, and introduced no evidence in his behalf.

 From the opening and closing remarks of counsel for defendant, as well as his line of cross-examination of the State's witnesses, we gather that defendant's claim of the insufficiency of the evidence was three-fold: (1) that there was no evidence that the defendant received a notice that his check had not been paid; (2), that there was no evidence of an intent to defraud; and (3), that no offense under Section 561.460 was committed because at the time of the transaction defendant had $10 in deposit with the Association which it could have used to reimburse itself when

his check was returned unpaid. Of course, there was no direct evidence that the letters sent by the Association were received by the defendant, and the officer who mailed the second letter was unable to produce a registry receipt. But the evidence that such letters were mailed to defendant at his postal address raised a prima facie presumption that they were received by him. Armour & Co. v. American Automobile Ins. Co., 336 Mo. 551, 80 S.W.2d 685; Clark v. Cole County, 272 Mo. 135, 197 S.W. 905. As to the element of fraudulent intent, under Section 561.470 the State's proof that the defendant failed to pay the check within five days after being notified that the Lindell Trust Co. had not paid it was prima facie evidence of the defendant's intent to defraud and of his knowledge of insufficient funds in or credit with such trust company. State v. Taylor, 335 Mo. 460, 73 S.W.2d 378, 95 A.L.R. 476; State v. Kaufman, supra. Lastly, the mere fact that the defendant had $10 in his savings account with the Association was not a defense. As was pointed out in State v. Kaufman, supra, even though the drawer of a check pays it within five days after receiving notice of its dishonor, such payment does not constitute a defense to the charge. See also State v. McWilliams, Mo., 331 S.W.2d 610. The State's evidence made a submissible case and was sufficient to support the verdict. State v. Taylor, supra; State v. Kaufman, supra; State v. Moss, Mo.App., 94 S.W.2d 920.

 Complaint is also made in defendant's motion for a new trial that "the Court erred in permitting the entry of evidence not set out in the information"; and that "said evidence adduced at the trial departed and deviated from the information filed therein." We presume that these complaints have reference to evidence which came in during redirect examination of the Association's teller to the effect that on October 10, 1958, the defendant presented a similar check for $15 to the Association, and directed that $3 be deposited to his savings account and that the balance of $12 be

given him in cash; and that that check was likewise returned unpaid. The record shows that the testimony regarding the transaction on October 10, including the fact that the $15 check was returned unpaid, came in without any objection, and that no objection was made until the $15 check was formally offered in evidence. This was scarcely a timely objection. But a more compelling reason why no error was committed is that inasmuch as the defendant on cross-examination of the State's witness elicited testimony regarding part of the transaction that had occurred on October 10, the State was entitled to show the whole of the transaction. State v. Adams, 108 Mo. 208, 18 S.W. 1000; State v. Colvin, 226 Mo. 446, 126 S.W. 448.

■ The motion for a new trial also contains the allegation that the court erred in refusing to discharge the jury upon defendant's request " * * * when the assistant prosecuting attorney for the state attempted to and did proceed upon a course that did poison, inflame, bias, and prejudice the minds of the jury against defendant." A search of the record reveals that the sole instance when defendant moved for a mistrial was during the State's closing argument. In the course of his argument the assistant prosecuting attorney, in commenting on the court's instruction regarding prima facie evidence of the intent to defraud upon failure to pay the check within five days after receipt of notice, stated that he hadn't heard any evidence that there wasn't a fraud. While it is nowhere so stated, we presume that the defendant had in mind that this was a comment on defendant's failure to testify. However, it has been held that comparable statements of the failure to offer a defense did not constitute a reference, either directly or indirectly, to the defendant's failure to testify. State v. Varner, Mo., 329 S.W.2d 623; State v. Johnson, 362 Mo. 833, 245 S.W.2d 43; State v. McCleave, Mo., 256 S.W. 814. Hence the court did not err in overruling defendant's motion for a mistrial.

■ Defendant's final group of assignments relate to the instructions given by the court, and to those offered by the defendant which were refused. The complaints as to the instructions given are couched in generalities, i. e., that they were vague, misleading, confusing, and similar terms, and are not sufficiently definite to preserve any question for appellate review. Nevertheless, in the interests of justice, we have carefully examined them, and find that they correctly declared the law as to the offense charged, the presumption of defendant's innocence, reasonable doubt, the burden of proof, and the credibility of the witnesses. This has been held sufficient. State v. Tellis, Mo., 310 S.W.2d 862; State v. Dill, Mo., 282 S.W.2d 456. As to the four instructions offered by defendant and refused by the court, one of them dealt with the presumption of defendant's innocence and another with reasonable doubt, subjects which the court had carefully and fully covered. Their refusal, therefore, was not error because the court was not required to give multiple instructions on the same subjects. State v. Crow, 346 Mo. 306, 141 S.W.2d 66; State v. Chick, 282 Mo. 51, 221 S.W. 10. The defendant's third instruction appears to be an attempted converse of part of the State's principal instruction, but it hypothesized a fact not supported by any evidence and was therefore properly refused. State v. Tellis, Mo., 310 S.W.2d 862. By his fourth instruction the defendant sought to define "criminal intent," a term not requiring definition because not employed in any instruction given.

No prejudicial error appearing in those matters presented for appellate review, the judgment should be affirmed, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of the court.

Accordingly, judgment is affirmed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.