**STATE of Missouri, Respondent,**

**v.**

**Victor Harold MARTIN, Appellant.**

**No. 58125.**

Supreme Court of Missouri,
Division No. 1.

July 22, 1974.

John C. Danworth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Vincent S. Moody, St. Louis, for appellant.

WELBORN, Commissioner.

Appeal from judgment of conviction and sentence of life imprisonment, on jury verdict finding Victor Harold Martin guilty of murder in the first degree.

The points raised on this appeal do not require an extensive statement of facts. Eyewitness testimony for the state was that Victor Harold Martin, carrying a shotgun, accosted Donald Walters on a St. Louis street at around 6:45 P.M., February 5, 1971, and, after a brief conversation which was not overheard, Martin shot Walters. The wound he received resulted in Walters' death. Martin, testifying in his own behalf, denied that he shot Walters and offered an alibi.

The complaints of error on this appeal relate to the trial court's refusal of two instructions tendered by the defendant. The first was a burden of proof and reasonable doubt instruction in the form of the first draft of MAI–CR No. 2.20. The second was a first degree murder instruction in the form of MAI–CR No. 6.02. The trial court refused the tendered instructions for the reason that the instructions given by the court covered the subject of the instructions. This case was tried before Rule 20, V.A.M.R., relating to pattern instructions in criminal cases became effective.

■ No objection was made by defendant at the trial to the instructions given on burden of proof and submitting murder in the first degree. In his motion for new trial defendant made a general objection to the first degree murder instruction. Appellant may not now complain of such instructions. Rules 28.01, 70.02. They were in conventional form. Considerations which led to the adoption of pattern criminal instructions do not mean that prior approved instructions, although verbose, did not correctly state the matters they submitted. State v. Parker, 509 S.W.2d 67, 71–72[7] (Mo.1974). The court was not required to give two instructions on the subjects. State v. Crow, 346 Mo. 306, 141 S.W.2d 66, 72[8–10] (1940); State v. Euge, 349 S.W.2d 502, 507[15] (Mo.App.1961). Therefore, there is no basis for a finding of error in the refusal of the defendant's instructions.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.