## UNITED STATES *v.* SHIELDS.

APPEAL FROM THE COURT OF CLAIMS.

No. 1130. Submitted March 26, 1894. — Decided April 16, 1894.

A District Attorney, whose place of abode is at a distance from the place at which court is held, is not entitled to mileage for travel in going to his home every Saturday, and in returning to the place of holding court the following Monday morning, during the continuous session of the court.

Sunday is a non-judicial day, which does not interrupt the continuity of a term of court.

Fees allowed to public officers depend upon the provisions of the statute granting them, and are not open to equitable construction by the courts or discretionary action on the part of officials.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Dodge* for appellants.

*Mr. Charles C. Lancaster* for appellee.

MR. JUSTICE JACKSON delivered the opinion of the court.

It appears from the record that Robert S. Shields was United States District Attorney for the Northern District of Ohio from July 1, 1885, to December 31, 1889. During this period he

made up his accounts for services rendered by him, and also for mileage for travelling from his home in Canton to the place of holding the United States Circuit and District Courts. Part of these accounts were disallowed by the Treasury Department, whereupon Shields brought suit against the United States to recover the amount thus disallowed. Upon the hearing of the case the court below rendered judgment in favor of the claim of the appellee, and thereupon the United States requested an additional finding of fact. This request was granted, and it is upon the state of facts thus presented that the United States assigns error in the judgment of the court below.

The additional finding of fact reads as follows: "The sum of $278.50 is mileage at ten cents per mile for travel performed by claimant as District Attorney during the terms of the United States Circuit and District Courts in returning each Saturday during said terms to his home at Canton from Cleveland, the place of holding court, and going each Monday morning following to Cleveland to attend said courts on the business of the United States. The distance travelled each round trip was 116 miles. The accounting officers allowed and paid claimant $11.60 mileage for one trip only for each term of court, and they disallowed the above amount as unauthorized by law. The twenty-four round trips disallowed were performed between July 13, 1885, and September 27, 1885, and January 2, 1886, and March 28, 1886. The District Attorney made no charge for intervening Sundays."

The only question now involved in the case is whether such an officer, whose place of abode is at a distance from the place at which court is held, is entitled to mileage for travel in going to his home every Saturday, and in returning to the place of holding court the following Monday morning, during the continuous session of the court?

The appellee relies in support of his claim for mileage and in affirmance of the judgment below on that part of section 824, Revised Statutes, which provides: "For travelling from the place of his abode to the place of holding any court of the United States in his district, or to the place of any examina-

tion before a judge or commissioner, of a person charged with crime, ten cents a mile for going and ten cents a mile for returning."

This provision of section 824 has been modified by section 7 of the act of February 22, 1875, c. 95, 18 Stat. 333, 334, which, in respect to mileage for attorneys, marshals, and clerks, enacts that "from and after the first day of January, eighteen hundred and seventy-five, no such officer or person shall become entitled to any allowance for mileage or travel not actually and necessarily performed under the provisions of existing law."

This being the provision of law in force as to mileage during the period covered by the claim of the appellee, can it be properly said that going to his home on Saturday afternoon and returning the Monday morning following was travel "actually and necessarily performed?" It certainly cannot be held to be travel necessarily performed in the public service. Mileage allowed to public officials involves the idea that the travel is performed in the public service, or in an official capacity. The appellee lived at Canton, Ohio, fifty-eight miles from Cleveland, where the court was held, and he made the journey to and from his home once a week for the purpose of spending Sunday with his family. If he is entitled to mileage for each one of these trips, made during the uninterrupted session of the court, it is difficult to see upon what principle he would not be entitled to mileage for a daily trip of that sort, which would enable him to spend each night of the week at home. Suppose that his place of abode had been ten, fifteen, twenty, or twenty-five miles from Cleveland, and instead of going home Saturday afternoon and returning Monday morning, he had made the trip to his place of residence each afternoon of the court week and returned the following morning, could it be held that it was the true meaning and intent of Congress that he should be allowed mileage for these daily trips? We think clearly not. Section 824, and the above-quoted act of February 22, 1875, will not admit of a construction which would give the right to mileage under such circumstances. There is, in principle, no essential difference

between the claim for mileage on a daily trip to and from the officer's home, and a weekly trip when performed for his own pleasure and convenience so as to spend Sunday at home. The travel, whether made daily or weekly, cannot be said to have been made in the character of a public official, or in the performance of a public service, but merely in a private and unofficial capacity.

The findings of fact in this case show that there was no interruption in the session of the court. Sunday was a non-judicial day, which did not interrupt the continuity of the term; besides, prior to the act of March 3, 1887, c. 362, 24 Stat. 509, 541, district attorneys were entitled to a per diem compensation of five dollars, including Sundays. This allowance clearly contemplated that an attorney, during the term of the court, might or would be detained on Sunday at the place where the court was held. It is true in the present case that the District Attorney has made no claim for a per diem allowance for Sunday, but it certainly cannot be held that this left it optional with him to waive his per diem fee and take mileage to and from his home in lieu thereof as a matter of pleasure or convenience to himself, especially when the mileage exceeded the per diem allowance. Fees allowed to public officers are matters of strict law, depending upon the very provisions of the statute. They are not open to equitable construction by the courts nor to any discretionary action on the part of the officials.

The decision of the court below proceeded upon the authority of *United States* v. *Harmon,* 147 U. S. 268, 278, in which there was a claim for mileage by a United States marshal, and it was held that "if the court sits for any number of days in succession he should continue in attendance, and is entitled to only one travel. But if the court is adjourned over one or more intervening days, he is not obliged to remain at his own expense at the place of holding court, but may return to his home and charge travel for going anew to attend the term at the day to which it is adjourned. His right to charge travel for going to each special court or special term is, if possible, still clearer, and is scarcely contested."

In that case the agreed statement of facts on which the case was submitted to the judgment of the Circuit Court showed only that the sum in dispute was "charged for travel on days when said courts were held by an adjournment over an intervening day, and were not held on consecutive days." It did not appear whether such an adjournment included judicial or non-judicial days. The statement of facts, as well as the opinion of this court in that case, implied that there was an interruption in the term, and that the adjournment or suspension of the term was of such a character that the marshal would have been obliged to have remained at his own expense at the place of holding the court during the period of such interruption or adjournment, and from this fact it was considered that he might return to his own home and charge travel for going anew to attend the term at the day to which it was adjourned. In the present case there was, however, no cessation, interruption, or adjournment of the court for any judicial day of the term, but only from Saturday to Monday, leaving the District Attorney entitled to his per diem allowance for remaining at the place of holding the court for the non-judicial day — Sunday. Such an adjournment as that cannot be considered as an interruption of the term, or as a suspension of the business of the court, so as to bring the present case within the rule laid down in *United States* v. *Harmon*, 147 U. S. 268.

We are not inclined to extend the rule there laid down, and apply it to the case under consideration, in which we are clearly of opinion that the mileage charged and allowed the District Attorney for the twenty-four weekly trips, made during the term, is not sanctioned or supported by any fair construction of the law applicable to the question.

*The judgment of the Court of Claims for the item of $278.50 is reversed and the cause remanded with directions to render judgment for the United States as to this item.*