# UNITED STATES *v.* VAN DUZEE.

APPEAL FROM THE COURT OF CLAIMS.

No. 604.   Submitted and argued March 24, 1902.—Decided April 28, 1902.

Section 19 of the act of May 28, 1896, c. 252, providing that "the terms of office of all commissioners of the Circuit Courts heretofore appointed shall expire on the thirtieth day of June, 1897, . . . and said commissioners shall then deposit all the records and other official papers appertaining to their offices in the office of the clerk of the Circuit Court, by which they were appointed," not having authorized the filing of the writings in question, and no provision having been made for compensating the clerk for the service of receiving them and retaining them in his custody, the Court of Claims erred in awarding judgment in favor of the claimant.

THIS is an appeal from a judgment of the Court of Claims entered in favor of the appellee (claimant below) for the sum of $993.   35 C. Cl. 214.   The conclusion of law by which the court determined that judgment ought to be entered against the United States was based upon the following:

## "*Finding of Facts.*

" I. The claimant, Alonzo J. Van Duzee, was clerk of the Circuit Court of the United States for the Northern District of Iowa from August, 1882, to December 31, 1897, duly qualified and acting.

" II. During said period he made up his accounts for services rendered on behalf of the United States, and presented the same, duly verified, to the United States court for approval in the presence of the district attorney, and orders approving the same as being just and according to law were entered of record. Said accounts were then presented to the accounting officers of the Treasury Department for payment.   In the settlement of the account from July 1, 1897, to September 30, 1897, part was paid, but payment of services embraced in Finding III was refused.

" III. Item 1. For filing and entering 9930 separate and dis-

tinct records and other official papers appertaining to the offices of commissioners of the Circuit Court of the United States for the Northern District of Iowa, which were deposited by said commissioners under the act of May 28, 1896, in the office of the clerk of the Circuit Court for said district, at 10 cents each as follows:

| | |
|---|---|
| (*a*) Dockets and records, 16 .......................$ | 1 60 |
| (*b*) Information or complaints, 2997 ............... | 299 70 |
| (*c*) Warrants, 1984 ............................. | 198 40 |
| (*d*) Subpœnas, 1899 ............................ | 189 90 |
| (*e*) Documentary testimony, 446 .................. | 44 60 |
| (*f*) Bonds, 649 ................................. | 64 90 |
| (*g*) Affidavits, 445 ............................. | 44 50 |
| (*h*) Mittimus, 446 .............................. | 44 60 |
| (*i*) Search Warrants, 22 ........................ | 2 20 |
| (*j*) Applications for discharge of poor convicts, 587. | 58 70 |
| (*k*) Oaths for discharge as poor convicts, 232 ...... | 23 20 |
| (*l*) Mandates to jailer for discharge as poor convicts, 169 .................................... | 16 90 |
| (*m*) Applications for seamen's wages, 24 .......... | 2 40 |
| (*n*) Summons on applications for seamen's wages, 13 | 1 30 |
| (*o*) Præcipe, 1 ................................. | 10 |
| | $993 00 |

"IV. During the period when the aforesaid services were rendered, it was the settled practice under the verbal orders of the court for the clerk to file all papers sent up by the commissioners in said district; and by a written rule of court entered of record, it was made the duty of the clerk in cases wherein the commissioner held the defendant to appear at court to file the papers and transcripts sent up by the commissioner, and to forthwith enter the case on the docket, which rule is as follows:

"' *Commissioner's papers.*

"' Upon receipt by the clerk of the papers and transcript of proceedings before a commissioner, wherein the party is held to appear at court, the same shall be properly filed and the same entered upon the docket.'

" The aforesaid services were performed in compliance with said practice and rule of court."

*Mr. Assistant Attorney General Pradt* submitted for appellant. *Mr. Philip M. Ashford* was on his brief.

*Mr. Charles C. Lancaster* for appellee.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

The question involves the construction of a portion of paragraph 19 of the act of Congress of May 28, 1896, 29 Stat. 184, which reads as follows:

" That the terms of office of all commissioners of the Circuit Courts heretofore appointed shall expire on the thirtieth day of June, eighteen hundred and ninety-seven; and such office shall on that day cease to exist, and said commissioners shall then deposit all the records and other official papers appertaining to their offices in the office of the clerk of the Circuit Court by which they were appointed. All proceedings pending, returnable, unexecuted, or unfinished at said date before any such commissioner shall be continued and disposed of according to law by such commissioner appointed as herein provided, as may be designated by the District Court for that purpose."

Upon the assumption that the Government had not appealed from a judgment rendered against it, in *Marsh* v. *United States*, 88 Fed. Rep. 879, 890, item 57, upon a claim similar to that now being considered, the Court of Claims, in the case at bar, adopted the decision in the case referred to, and held that the provision of the act of 1896, above quoted, authorized the filing by the claimant of all papers deposited with him in accordance with the requirements of the act, and that by such deposit they became part of the records and files of the court of which he was clerk. The United States, however, on a motion for a new trial directed attention to the fact that the court had mistakenly supposed that the decision in the *Marsh* case had been acquiesced in, since proceedings to review the judgment in that case were then pending in the proper Circuit Court of Appeals.

We are unable to concur in the construction of the statute thus adopted by the court below.   As said by Mr. Justice Jackson, in *United States* v. *Shields,* 153 U. S. 88, 91 : " Fees allowed to public officers are matters of strict law, depending upon the very provisions of the statute.   They are not open to equitable construction by the courts, nor to any discretionary action on the part of the officers."   Now, the act of 1896 did not expressly provide that the papers to be surrendered by the commissioners to the custody of the clerk should be *filed* by the·latter, and we are unable to infer from the language employed that such a direction was given.   Congress, having abolished the office of Circuit Court commissioner, naturally deemed it expedient to provide for the safekeeping of the dockets, records and official papers of those officers.   It, therefore, directed that upon the cessation of such offices, the commissioners should " deposit" the official documents in their possession with the " clerk of the Circuit Court by which they were appointed."   No good purpose would have been subserved by the formal filing of these dockets and writings, which, in the ordinary course, never would have been forwarded to the clerk for filing, and, hence, the construction which attributes to the word " deposit," as used in the statute, a meaning synonymous with " filing," is strained.

So, also, the legal conclusion embodied in the fourth finding, to the effect that the services of the claimant were performed in compliance with a rule of court promulgated prior to May 28, 1896, was erroneous.   The documents in question were not covered by the rule, which plainly had relation only to the current business of the Circuit Court commissioners.

The statute which directed the deposit not having authorized the filing of the writings in question, and no provision having been made for compensating the clerk for the service of receiving and retaining them in his custody, the Court of Claims erred in awarding judgment in favor of the claimant.   *United States* v. *Patterson,* 150 U. S. 65, 69 ;  Rev. Stat. sec. 1764.

*The decree of the Court of Claims is reversed, and the cause is remanded to that court with instructions to render judgment for the United States.*