#### DAVIDSON et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. September 17, 1923.)

No. 2968.

Records ⬸21—Removing papers in custody of referee in bankruptcy held offense; "deposit;" "deposited."

> Where bankrupt's books and papers, title to which under Bankruptcy Act, § 70a (Comp. St. § 9654), was vested in trustee, were left by trustee in the custody of the referee, so that they might be used when needed, they were deposited within Criminal Code, § 128 (Comp. St. § 10298), making it an offense to willfully remove or destroy any books, papers, etc., "filed or deposited" with any judicial or public officer; "deposit" meaning something intrusted to the care of another, either for a permanent or a temporary disposition.

> [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Deposit.]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

David Davidson and others were convicted of removing and destroying certain records (285 Fed. 661) and they bring error. Affirmed.

Howard W. Bramhall and William C. Waltman, both of Philadelphia, Pa., for plaintiffs in error.

Robert V. Bolger, of Philadelphia, Pa., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. David Davidson was indicted, tried and convicted in the District Court for removing and destroying certain books, belonging to his estate in bankruptcy, deposited in the office of John M. Hill, referee in bankruptcy, in violation of section 128 of the federal Penal Code (Comp. St. § 10298). This section provides that:

"Whoever shall willfully and unlawfully conceal, remove, mutilate, obliterate, or destroy * * * any record, proceeding, map, book, paper, document, or other thing, filed or deposited with any clerk or officer or any court of the United States" commits the crime denounced by the statute.

The testimony tends to establish, and the verdict of the jury does establish, that the defendant removed the books belonging to his estate in bankruptcy from the office of the referee in bankruptcy and destroyed them. Admittedly these books were in the custody of an "officer" of the United States, within the meaning of the statute. There are 28 assignments of error, but the sole question presented and pressed before us is whether or not they were "deposited" with the officer within the meaning of the statute.

The testimony establishes that Mr. Eugene A. Gridley, trustee in bankruptcy of the estate of the defendant, took the books in question to the office of the referee and left them there for use in administering the bankrupt estate. They do not appear at any time to have been offered in evidence as a whole, but various portions of them were admitted, and they were used for reference. Earlier in the bankrupt proceedings, they were taken away from the referee's office after each meeting, but later they were left in the office from meeting to meeting, and on or about January 18, 1922, in the afternoon, when every one was out of the office, except a woman who was cleaning it, the defendant went to the office and by misrepresentation got possession of the books and removed and destroyed them.

Counsel contends that the word " 'deposited' means more than its use ordinarily implies," but does not clearly define what that meaning is, except that, he says, it means more than mere delivery for inspection, and is intended to remain some time for a specific object. Toler v. White, 24 Fed. Cas. 3, No. 14,079. There is no doubt in our opinion that the books were left by the trustee "with" the referee in his court and custody. They contained data supposedly needed for the establishment of facts before the referee in the administration of the defendant's estate in bankruptcy. The trustee was vested by operation of law upon his appointment and qualification with title to the books— section 70a, Bankruptcy Act 1898 (Comp. St. § 9654)—and took them to the referee's court and left them there, so that they might be used as and when needed. While the books were in the referee's office, title to them still remained in the trustee, but possession was in the referee.

In leaving the books with the referee, did the trustee "deposit" them with him, within the meaning of the statute under which the defendant was indicted? The statute provides that the willful destruction of books "filed or deposited" with the "clerk or officer" is a crime. "Filed" is not the same thing as "deposited." United States v. Van Duzee, 185 U. S. 278, 22 Sup. Ct. 648, 46 L. Ed. 909. When a paper

is "filed," it is necessarily deposited; but the reverse is not true. Documents "filed" with the clerk are at the same time deposited; but they may be "deposited" with him without being "filed." United States v. Van Duzee, supra. The statute covers both. "Deposit" means more than a delivery for mere inspection. The word is defined in 18 Corpus Juris, 559, as:

"Something intrusted to the care of another. It may mean the permanent disposition of the thing placed or deposited, or a mere temporary disposition or placing of the thing." People v. Peck, 67 Hun, 560, 22 N. Y. Supp. 576, 579.

The learned trial judge defines the word as follows:

"The term as used in the act means the delivery of a book or paper to one entitled to have the official custody thereof, either to be kept or to be redelivered, after it has served its purpose, to one having a right to receive it."

The act is broad enough to cover, and we think was intended to cover, just such a transaction as took place in this case. The books of a bankrupt frequently contain valuable information. The referee in adjudicating claims and administering the estate has the right to have them for his use and the use of claimants. When left at his office or court for use, they are in his custody, not "filed," but "deposited," with him, and intrusted to his care, and the learned trial judge did not commit error in overruling this technical defense.

Therefore the judgment of the District Court is affirmed.