STATE ex rel. ERWIN, Appellant, v. WARREN, et al., Respondents.

No. 8972.

Submitted October 10, 1950. Decided November 20, 1950.

224 Pac. (2d) 142.

Mr. Frank E. Blair, Virginia City, Mr. Ralph J. Anderson and Mr. Albert C. Angstman, both of Helena, for appellant.

Mr. Arnold H. Olsen, Atty. Gen., Mr. H. D. Carmichael, Asst. Atty. Gen., Mr. Glen E. Cox, Asst. Atty. Gen., Messrs. Weir, Gough and Matson, Mr. Enor K. Matson, all of Helena, for respondents.

Mr. Blair and Mr. Cox argued orally.

MR. JUSTICE METCALF:

From 1917 until his retirement in 1948 relator was an employee of the livestock commission of the state of Montana. From July 1, 1943, to December 31, 1947, he was employed as a state livestock inspector. During the latter period he was paid a regular monthly salary.

One of his duties as a state livestock inspector was inspection of brands and the collection of the statutory fees therefor. From July 1, 1943, to December 31, 1947, he collected $4,761.60 in fees for inspection. This amount was remitted to the livestock commission, deposited with the state treasurer, and credited to the livestock commission fund.

It is relator's contention that he was entitled to retain the fees so collected as additional compensation for his services and that he remitted the fees to the commission under a mistaken interpretation of the Montana statutes.

The statute setting fees for inspection is section 46-804, R. C. M. 1947: "For the service of inspection herein provided for before removal from county, the inspector making such inspections shall receive twenty-five cents (25¢) per head for the inspection of twelve (12) head or less, or three dollars ($3.00)

for the inspection of from twelve (12) head to thirty (30) head and shall receive ten cents (10¢) per head for each animal inspected over thirty (30) head, except that fifteen dollars ($15.00) shall constitute the maximum charge which may be collected from any one person per day, and shall receive in addition thereto his necessary actual expenses, to be paid by the person for whom the inspection is made. The fee for the service of inspection herein provided for at a licensed public market shall be ten cents (10¢) per head for each animal inspected, and shall be collected by the state stock inspector making such inspection from the person for whom the inspection is made, and all fees collected shall be sent by him to the livestock commission for deposit in the state treasury to the credit of the livestock commission fund.''

This section was enacted in 1943 as Chapter 59, Laws of 1943. Prior to its enactment the legislature had provided fees for the inspection of horses (Laws of 1901) and of cattle (Laws of 1937). These sections were repealed by Chapter 59, Laws of 1943. The 1901 law provided that the officer making the inspection should ''receive'' three dollars per day while engaged in making such inspection. The 1937 law provided that the officer making the inspection should ''receive'' twenty-five cents per head for the inspection of twelve head or less and three dollars per day for the inspection of more than twelve head. Sec. 2, Chapter 133, Laws of 1937; sec. 3, Chapter 136, Laws of 1937.

All these sections declare that the officer making the inspection should ''receive'' in addition thereto his actual necessary expenses to be paid by the person for whom the inspection is made. Until the enactment of the 1943 law no fees were prescribed for inspection of livestock at public market, although such inspection was required.

The relator maintains that the legislative intent in writing Chapter 59, Laws of 1943, sec. 46-804, supra, was to establish fees for the statutory duty of inspection at public markets and upon removal from one county to another. But that while the

express language of the statute required the fees collected by the salaried inspector for inspections of livestock at a public market to be sent to the livestock commission for deposit in the state treasury, there was no such requirement for fees "received" for inspections occasioned by the removal of livestock from one county to another. The relator insists that this failure to specifically provide for the disposition of the fees indicates a legislative intent that fees collected for inspections made other than those at a public market are to be kept by the inspector as additional compensation for his services.

Fees are collected from individual citizens under the power █ reposed in the state as the sovereign. They are collected only when authorized by an express statute. When fees are imposed the presumption is that they are for the benefit of the state and when a salaried officer receives fees, he is receiving them as an agent of the state. A salaried state officer or employee is obliged to render to the public the statutory services required of him or prescribed by the executive department. Hence the rule has been long established that an officer must point to "strict law" to permit him to retain fees for his own use. U. S. v. Van Duzee, 185 U. S. 278, 22 S. Ct. 648, 46 L. Ed. 909; United States v. Shields, 153 U. S. 88, 91, 14 S. Ct. 735, 736, 38 L. Ed. 645; 43 Am. Jur., Public Officers, sec. 360, p. 149. And the presumption is that fees collected by a salaried officer are not for his private use as additional compensation but for the benefit of the state. 46 C. J., Officers, sec. 244, p. 1017.

Since 1901 when the first inspection legislation was enacted, █ salaried inspectors have "received" the fees but they have never been allowed to retain them for their own benefit. Nor did the relator question this construction of the statute in his long period of service since 1917 until the beginning of the case at bar. Such administrative construction long acquiesced in is entitled to respect from this court and will not be disturbed except for weighty reasons. Miller Ins. Agency v. Porter, 93 Mont. 567, 20 Pac. (2d) 643; Butte Miners' Union v. Anaconda

Copper Min. Co., 112 Mont. 418, 118 Pac. (2d) 148; State ex rel. Public Service Commission v. Brannon, 86 Mont. 200, 283, Pac. 202, 67 A. L. R. 1020.

The legislative declaration that the inspector was to receive the fee for inspection does not express the clear, definite and certain intention that such inspector was to be permitted to retain that fee for his own benefit that is necessary to overcome the presumption that such fees are levied and collected for the benefit of the sovereign. The relator's contention that because the fees are not expressly directed to be forwarded to the state, he is entitled to keep them for his own benefit is not in accord with the established rule of law that a person receiving fees imposed by sovereign authority is only entitled to retain them for his own benefit when there is an express legislative assertion of his right to do so.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES ANGSTMAN, FREEBOURN and BOTTOMLY, concur.