**Donald H. WEAVER, Plaintiff,**

v.

**V. Bailey THOMAS, Defendant.**

**Civ. A. No. 75–H–879.**

United States District Court,
S. D. Texas,
Houston Division.

Sept. 5, 1975.

Donald H. Weaver, pro se.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for defendant.

## MEMORANDUM

NOEL, District Judge.

Plaintiff Donald H. Weaver was convicted in state court of burglary with intent to commit theft and is currently serving a twelve-year sentence in the Texas Department of Corrections. In this in forma pauperis action, plaintiff seeks damages, declaratory and injunctive relief on the ground that defendant V. Bailey Thomas, the Clerk of this

Court, illegally and unconstitutionally refused to file his petition for habeas corpus. Plaintiff also seeks leave to prosecute this case as a class action.

Defendant has moved to dismiss the action for failure to state a claim upon which relief can be granted. The Court is of the opinion that the action should be dismissed under 28 U.S.C. § 1915(d) (1970). That provision authorizes a court to dismiss frivolous in forma pauperis actions.

The Court's records reveal that defendant referred both plaintiff's habeas corpus petition and his application to proceed in forma pauperis to the United States Magistrate on October 30, 1974, the very day that defendant received the papers. This was not a discretionary act on defendant's part, but was required by this Court's standing Order of March 10, 1971.[1] *See also* Local Rules of the Southern District of Texas, 24, subd. C(3). Pursuant to the Order of March 10, 1971, the Magistrate reviewed plaintiff's affidavit of poverty and made a recommendation on May 5, 1975 that plaintiff be permitted to proceed in forma pauperis. The unfortunate delay between receipt of plaintiff's petition and the Magistrate's recommendation was in large part the result of the flood of prisoner actions that have strained the resources of the federal judiciary in recent years. The Court accepted the Magistrate's recommendation on the day it was received and ordered both that defendant file the petition without prepayment of costs and that the matter be transferred to the Western District of Texas, San Antonio Division, where plaintiff's original trial was held. Defendant filed the petition on the same day—May 5, 1975. This Court may judicially notice the foregoing facts which are reflected in its official records. *See, e.g., Duhart v. Carlson,* 469 F.2d 471 (10th Cir.), *cert. denied,* 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1972); *Diamond v. Pitchess,* 411 F.2d 565 (9th Cir. 1969).

■ The conclusion is inescapable that defendant acted as promptly as the law permitted. By statute, the Clerk of a district court may not file an application for writ of habeas corpus without prepayment of a $5.00 filing fee. 28 U. S.C. § 1914(a) (1970). The filing fee requirement is a matter of "strict law" that is not subject to a clerk's discretion. *See United States v. Shields,* 153 U.S. 88, 14 S.Ct. 735, 38 L.Ed. 645 (1893); McCune v. United States, 406 F.2d 417 (6th Cir. 1969). Only a judge may authorize a habeas corpus petitioner to proceed without prepayment of costs. 28 U.S.C. § 1915 (1970).

■ Finally, the Court observes that plaintiff's complaint does not state a claim upon which relief can be granted because it fails to allege facts showing that plaintiff's petition for a writ of habeas corpus was premised upon any valid ground.[2] *See Geach v. Olsen,* 211 F. 2d 682 (7th Cir. 1954). Since plaintiff has failed to allege any facts supporting his assertion that defendant has engaged in a "practice" of discriminating against indigents, plaintiff's request that the suit proceed as a class action is denied.

From the foregoing, the Court finds (1) that plaintiff's complaint is frivo-

---

1. That Order provides that "state prisoner applications for habeas corpus under § 2254 . . . where the filing fee is not paid will be referred to the U. S. Magistrate."

2. It also appears that defendant is entitled to immunity against suit on the facts of this case. *See generally Davis v. McAteer,* 431 F.2d 81 (8th Cir. 1970). Although not necessary to resolving this case, it is noteworthy that plaintiff has no claim against either this Court or the Magistrate. Suit against the Court for damages on the facts alleged is so clearly barred by the doctrine of judicial immunity as to make discussion superfluous. *See, e.g., Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1947). The United States Magistrate is a "judicial officer" within the judicial immunity doctrine. *See* 28 U.S.C. § 632 (1970). Any claim for equitable relief is moot since plaintiff's petition has been filed and is undergoing consideration in the Western District.

lous and should be dismissed pursuant to 28 U.S.C. § 1915(d);[3] (2) that plaintiff's complaint fails to state a claim upon which relief can be granted; and, (3) that plaintiff could not in good faith amend his complaint to allege facts that would warrant relief.

This action shall be dismissed with prejudice to its reinstatement by order of this date.

The Clerk shall file this Memorandum and furnish a copy to the parties.

3. *See generally* Startti v. United States, 415 F.2d 1115 (5th Cir. 1969) (affirming finding that prisoner action against clerk was frivolous).