No. 88-373

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

DEPARTMENT OF REVENUE, STATE OF MONTANA,

        Appellant,

  -vs-

ESTATE OF MICHAEL D. DWYER,

        Respondent.

APPEAL FROM: The District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        R. Bruce McGinnis, DOR, Helena, Montana

    For Respondent:

        Robert T. O'Leary, Butte, Montana

Submitted: February 9, 1989

Decided: March 13, 1989

Filed:

_Clerk_

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

We decide in this case that when the owner of real or personal property in Montana creates a joint tenancy in such property between himself and another or others, more than three years before his death, the tax levied by our state on the transfer of his joint tenancy interest upon his death is measured by his interest in the joint tenancy, one-half or other proper fraction under the written instrument creating the same. Section 72-16-303(2), MCA.

Thus, in this appeal, we affirm a like holding of the District Court of the Second Judicial District, Silver Bow County.

The facts are agreed to by the parties. Michael D. Dwyer was a resident of Butte, Montana, at the time of his death on February 5, 1985. His death terminated certain joint tenancies in real and personal property with David F. Cunningham, who is the deceased's nephew, and of course, not a surviving spouse nor issue of the deceased.

The deceased was the sole owner of real property which he conveyed into joint tenancy with Cunningham and himself by a grant deed on November 25, 1981, which was recorded December 29, 1981. The deed created a joint tenancy between the deceased and Cunningham with the right of survivorship. Cunningham neither paid consideration in monies nor money's worth for his interest in the property, nor made any contribution toward the acquisition of the property.

On October 30, 1979, out of funds completely and solely owned by the deceased, two joint bank accounts with the right of survivorship were created at Prudential Savings and Loan Association of Butte, Montana. The deceased and Cunningham

were both authorized signators on the accounts. Cunningham did not deposit or withdraw any of the funds in the accounts prior to the time of Mr. Dwyer's death.

Out of funds completely and solely owned by the deceased, on October 31, 1979, two joint bank accounts with right of survivorship were created at the Miner's Bank of Montana, Butte, Montana. The deceased and Cunningham were both signators on the accounts. Cunningham did not deposit or withdraw any funds on the accounts prior to the time of Mr. Dwyer's death.

David Cunningham, as personal representative of the Dwyer estate, filed a request for determination of state inheritance tax on September 16, 1985. The application showed a tax due in the amount of $1,917.20. The amount was calculated upon 50% of the value of the joint tenancy estate. The Department of Revenue issued a certificate showing a tax due in the amount of $6,458.04 based on the whole value of the estate. The personal representative paid the tax to prevent the accrual of interest, and to receive the 5% discount.

Cunningham sued in the District Court, Second Judicial District, Silver Bow County, for a proper determination of the inheritance tax due and payable upon the joint tenancy estate. The District Court ordered the Department of Revenue to recompute the amount of inheritance tax due from the surviving joint tenant, David F. Cunningham, based upon one-half of the value of the property passing on the deceased's death. The Department appealed to this Court.

On appeal, the Department contends that the District Court erred as a matter of law in holding that § 72-16-303, MCA, does not provide for the taxation of the total value of the property passing to the surviving joint tenant when the

joint tenancy property was not originally owned by the surviving joint tenant.

The legislature amended § 72-16-303, MCA, in 1977, and in 1979. The Department contends that prior to 1977, the inheritance tax on a joint tenancy interest passing to a surviving joint owner was one-half or other proper fraction of the joint property, unless the surviving joint tenant could show contribution. However, in 1977, the legislature limited the contribution rule to the circumstance when a surviving joint tenant was the spouse of a deceased, and in 1979, when the joint tenancy included issue of the decedent. Because the legislature added the following language to § 72-16-303, the Department contends the legislature changed the tax treatment for non-spouses and non-issue of the deceased from being taxed on one-half of the property to being taxed on the full value of the property unless it can be shown that the surviving joint tenant originally owned the property:

> . . . In all other cases, the full value of the property shall be taxable, except the portion thereof that originally belonged to the survivor and as to which the decedent had made no contribution; if the decedent had made a contribution to the ownership of such property, the amount of the contribution shall be taxable.

The Department contends that the statute, as written, is unambiguous, but if ambiguous, under the rule of executive interpretation of statutory provisions, any doubt as to the construction of the statute is to be resolved in favor of the Department because its regulations relating to this statute adopted after 1977 require a tax levied on the full value of joint tenancy property where the survivor made no contribution to the value of the joint tenancy property when it was created. A.R.M. 42.35.232-42.35.234. The Department

relies on cases holding that the contemporaneous construction placed on a statute by the officers chargeable with the duty of administering it is entitled to great weight. State v. King Colony Ranch (1960), 137 Mont. 145, 350 P.2d 841; State Ex Rel. Ebel v. Schye (1956), 130 Mont. 537, 305 P.2d 350; State Ex Rel. Erwin v. Warren (1950), 124 Mont. 378, 224 P.2d 142; In Re Wilson's Estate (1936), 102 Mont. 178, 56 P.2d 733, 105 A.L.R. 367.

We set out in full the pertinent portions of § 72-16-301, MCA, as to the levy of the tax:

> 72-16-301. Taxable transfers generally --contemplation of death. A tax shall be and is hereby imposed upon any transfer of property . . . except as hereinafter provided:
>
> . . .
>
> (3) when the transfer is of property made by a resident or by a nonresident when such nonresident's property is within the state or within its jurisdiction by deed, grant, bargain, sale or gift made in contemplation of the death of grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after such death. Every transfer by deed, grant, bargain, sale or gift made within 3 years prior to the death of the grantor, vendor, or donor of a material part of his estate or in the nature of a final disposition or distribution thereof and without a fair consideration and money or money's worth shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this section, but no such transfer by deed, grant, bargain, sale or gift made before such 3-year period shall be treated as having been made in contemplation of death . . .

The following is the present language of § 72-16-303, with the 1977 amendment enclosed in parentheses and the 1979 amendment enclosed in brackets:

Section 72-16-303, MCA. _Joint estates--transfer by right of survivorship taxable._ (1) Whenever any property, however acquired, real or personal, tangible or intangible, including government bonds of the United States, is inscribed in co-ownership form, held by two or more persons in joint tenancy or as tenants by the entirety, or is deposited in any bank or other depository in the joint names of two or more persons and payable to the survivor or survivors of them upon the death of one of them, the right of the survivor or survivors to the immediate possession or ownership is a taxable transfer.

(2) _The tax is upon the transfer of decedent's interest, one-half or other proper fraction, as evidenced by the written instrument creating the same_, as though the property to which the transfer relates belonged to the joint tenants, tenants by the entirety, joint depositors, holders in co-ownership form, or persons, as tenants in common had been, for inheritance tax purposes, bequeathed or devised to the survivor or survivors by will, except such part thereof as may be shown to have originally belonged to the survivor and never to have belonged to the decedent when (the surviving joint tenant is a spouse) [or issue] of the decedent. In all other cases, the full value of the property shall be taxable, except the portion thereof that originally belonged to the survivor and as to which the decedent had made no contribution; if the decedent had made a contribution to the ownership of the property, the amount of the contribution shall be taxable.

(3) This section shall not be construed to repeal or modify the provisions of 72-16-301(3). (Emphasis added.)

In discussing the issues here, we ask the reader to assume that the discussion involves situations where the joint tenancies were created more than three years prior to the death of one of the joint tenants; that the decedent was the sole owner of the property at the time of the creation of each joint tenancy; and that no contribution to the property

- 6 -

of the joint tenancy has been made by the surviving joint tenant.

The position of the Department and the effect of its regulations are that the full value of the property in the joint tenancies so created is taxable, irrespective of the language in § 72-16-301(3), MCA, that no such transfer made before such three year period shall be treated as having been made in contemplation of death. We cannot agree that such is the effect of the statutes involved, or was the intent of the legislature in making the amendments alluded to by the Department.

When a joint tenancy is created, whether in real or personal property or both, the joint interest is owned by the several persons in equal shares. Section 70-1-307, MCA. In the case of bank deposits held by joint tenants, however, the deposit, or any part thereof, may be paid by the bank to any of the persons named as joint tenants, without regard to equality of shares, and whether the other or others be living or not. Section 32-1-442, MCA. The bank is discharged by the receipt or acquittance of the person so paid.

When, during his lifetime, and at his death, the decedent and another or others, hold any esstate property as joint tenants with the right of survivorship, §§ 70-20-105, -310, MCA, the interest of the decedents at the moment of his death passes to the survivor or survivors of the joint tenancy. The incidents of joint tenancy property at common law were a single estate in the property owned by two or more persons under one instrument or act of the parties, an equal right in all to share in the enjoyment of the property during their lives, and on the death of a joint tenant, descent of the property to the survivor or survivors. Hennigh v. Hennigh (1957), 131 Mont. 372, 309 P.2d 1022. The effect of our statutes which permits the creation of joint tenancies is

to include all incidents of a joint tenancy estate at common law. First Westside National Bank of Great Falls v. Llera (1978), 176 Mont. 481, 580 P.2d 100.

On the death of a joint tenant, ownership of the joint tenancy property vests immediately in the survivor, so that the estate of a decedent does not include the joint tenancy property, nor is it subject to creditor's claims for debts of a decedent. Montana's tax statutes recognize this feature by providing especially for the determination of taxes on the termination of a joint tenancy by death where there is no other estate. Section 72-16-502, MCA, provides for a special procedure for tax purposes when a joint tenant dies leaving no property which requires the appointment of a personal representative.

Under Montana's statutory law, a tax is imposed, subject always to exemptions and exceptions, upon the transfer by death of the person of any state property from a decedent to another by will or intestate laws. Section 72-16-301(1), (2), MCA. Without any argument, the transfer of the right to possession of the decedent's property owned by him at his death is a taxable event. If, however, in his lifetime, the decedent within three years of his death has transferred ownership of his property in contemplation of his death, the full value of the property transferred is also taxable upon his death. Section 72-16-301(3), MCA. A transfer of ownership within three years of his death is deemed to be in contemplation of death, and thus the value thereof is fully taxable.

In the case before us, the joint tenancies were established by the decedent more than three years prior to his death. "No such transfer of ownership made before such three year period shall be treated as having been made in contemplation of death." Section 72-16-301(3), MCA. Since

- 8 -

there is a specific statutory direction in § 72-16-303(3), MCA, that the section shall not be construed to repeal or modify the provisions of § 72-16-301(3), the latter section must be given force and effect. The position of the Department robs that latter section of any force and effect.

We hold it is our plain duty when interpreting statutes relating to the same subject to give effect to all, if possible, consonant with the intent of the legislature. Section 1-2-101, MCA. Montana's statutes do not provide a gift tax upon transfers of property made by a person during his lifetime except such gifts as are made in contemplation of death. The effect of the Department's interpretation of the statutes is to impose a tax upon such transfers although not levied until the grantor's or donor's death, whether or not made in contemplation of death. We do not agree with the Department that under § 72-16-303(2), MCA, only wives and issue of the decedent may take advantage of the provisions of § 72-16-301(3), MCA, which excludes from taxation transfers not made in contemplation of death, or made more than three years before the death of the grantor. We hold in this case that one-half of the values of the joint tenancy estate only is taxable. The regulations of the Department which would require a contrary conclusion are inconsistent with statutory law, and thus have no effect. Section 2-4-305(6)(a), MCA.

Accordingly, we affirm the District Court.

_____
Justice

We Concur:

_____
Chief Justice

_____

- 9 -

_John Conway Harrison_

_S. C. McDonough_

_William E. Hunter_

_L. C. Hutchinson._

Justices