No. 96-064

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN THE MATTER OF THE ESTATE OF
EMILIO TONY PARINI, Deceased,

      Plaintiff and Respondent,

  v.

MONTANA DEPARTMENT OF REVENUE,

      Respondent and Appellant.

FILED

NOV 07 1996

Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fifth Judicial District,
In and for the County of Jefferson,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Deborah Harten, Tax Counsel, Department of Revenue,
Office of Legal Affairs, Helena, Montana

    For Respondent:

        Leonard J. Haxby; Haxby & Somers, Butte, Montana

        Carl M. Davis, Attorney at Law, Dillon, Montana

Submitted on Briefs:  July 11, 1996

Decided:  November 7, 1996

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

The Montana Department of Revenue (DOR) appeals from the findings of fact, conclusions of law and order of the Fifth Judicial District Court, Jefferson County, concluding that tax liability calculations made by the Estate of Emelio Tony Parini (the Estate) were correct. We reverse.

The following issue is raised on appeal:

Did the District Court err in characterizing various joint tenancies as "gifts" made by the decedent to his relatives?

## BACKGROUND

The material facts of this case are undisputed. Emelio T. Parini (Emelio), died on December 21, 1991. Emelio never married and died without children. During his lifetime, Emelio placed title in certain personal property in himself and his various brothers, sisters, nieces and nephews as joint tenants with right of survivorship. All but one of the nineteen joint tenancies were created more than three years before the death of Emelio. As a joint tenant, Emelio retained all rights to possession of the property associated with joint tenancy.

Upon Emelio's death, all property was transferred to the joint tenants. The DOR requested proof of contribution to the joint tenancies by the surviving joint tenants. The DOR maintained that inheritance taxes owed by the surviving joint tenants' estate should be based upon the full value of each of the joint tenants.

2

The Estate challenged the DOR's calculations, arguing that the tax on the joint tenancies should be limited to 50% of each joint tenancy. The Estate paid over $30,000 of taxes on the full value of the joint tenancies, which had a combined value of $427,736. The District Court agreed with the Estate and concluded that inheritance taxes only apply to 50% of the value of each joint tenancy. The District Court came to this conclusion without fully considering the amount of contribution by each surviving joint tenant. The DOR appeals from the District Court's conclusion.

## STANDARD OF REVIEW

The standard of review of a district court's findings of fact is whether they are clearly erroneous. Daines v. Knight (1995), 269 Mont. 320, 324, 888 P.2d 904, 906. Here, the District Court found that four of the joint tenants may have contributed to their respective joint tenancies. The standard of review of a district court's conclusions of law is whether the court's interpretation of the law was correct. Stratemeyer v. Lincoln County (Mont. 1996), 915 P.2d 175, 182, 53 St.Rep. 245, 250. In its conclusion, the District Court found that the DOR's position on taxing joint tenancies at their full value was contrary to the intent and purpose of §§ 72-16-301(2) et seq., MCA, and also found that a surviving joint tenant should only be taxed upon 50% of the value of the joint tenancy. The District Court based its decision on this Court's holding in Department of Revenue v. Dwyer (1989), 236 Mont. 405, 771 P.2d 93.

3

## DISCUSSION

The statute applied by this Court in <u>Dwyer</u> (§ 72-16-303, MCA (1987)) allowed the state of Montana to tax in an amount equal to Emelio's interest in the joint tenancy. Prior to the changes enacted by the 1989 Legislature, the statute read as follows:

> (1) Whenever any property, however acquired, real or personal, tangible or intangible, including government bonds of the United States, is inscribed in co-ownership form, held by two or more persons in joint tenancy or as tenants by the entirety, or is deposited in any bank or other depositary in the joint names of two or more persons and payable to the survivor or survivors of them upon the death of one of them, the right of the survivor or survivors to the immediate possession or ownership is a taxable transfer.
> (2) The tax is upon the transfer of decedent's interest, one-half or other proper fraction, as evidenced by the written instrument creating the same, as though the property to which the transfer relates belonged to the joint tenants, tenants by the entirety, joint depositors, holders in co-ownership form, or persons, as tenants in common and had been, for inheritance tax purposes, bequeathed or devised to the survivor or survivors by will, except such part thereof as may be shown to have originally belonged to the survivor and never to have belonged to the decedent when the surviving joint tenant is a spouse or issue of the decedent. In all other cases, the full value of the property shall be taxable, except the portion thereof that originally belonged to the survivor and as to which the decedent had made no contribution; if the decedent had made a contribution to the ownership of the property, the amount of the contribution shall be taxable.
> (3) This section shall not be construed to repeal or modify the provisions of 72-16-301(3).

Section 72-16-303, MCA (1987), did not require the surviving joint tenant to provide evidence of contribution toward the joint tenancy. Section 72-16-303, MCA (1989), contains two significant changes to § 72-16-303, MCA (1987), applied by this Court in <u>Dwyer</u>. First, it requires a surviving joint tenant to prove either previous ownership or payment of consideration before tax exemption

4

applies. Second, the 1989 Legislature repealed § 72-16-303(3), MCA (1987), which specifically referred to transfers in contemplation of death under § 72-16-301, MCA (1987). Section 72-16-301(3), MCA (1987), provided:

> Every transfer by deed, grant, bargain, sale, or gift made within 3 years prior to the death of the grantor, vendor, or donor of a material part of his estate or in the nature of a final disposition or distribution thereof and without a fair consideration in money or money's worth shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this section, but no such transfer by deed, grant, bargain, sale, or gift made before such 3-year period shall be treated as having been made in contemplation of death. . . .

However, application of the 1987 statute was inappropriate because all questions regarding inheritance tax must be determined as of the date of the decedent's death. Burr v. Department of Revenue (1978), 175 Mont. 473, 476, 575 P.2d 45, 47. Here, Emelio passed away in 1991, subsequent to these statutory changes; this made the District Court's application of Dwyer to the analysis of this case erroneous.

In this case, as in Dwyer, Emelio was a joint tenant with right of survivorship with one other person in each of the nineteen joint tenancies. In Dwyer, we held that the taxation of joint tenancies with right of survivorship not made in contemplation of death was based upon the decedent's portion of ownership. Dwyer, 771 P.2d at 96. However, modifications to § 72-16-303, MCA, made by the Legislature in 1989, have changed the way this Court must analyze transfers of joint tenancies.

Although a 50% taxation of the joint tenancies would have been

5

appropriate pursuant to this Court's holding in Dwyer, the statute now requires joint tenants to pay tax on the full value of the property they receive upon the death of the other joint tenant unless they are able to prove that they either provided adequate consideration or previously owned the property.

As of 1989, § 72-16-303, MCA, states:

(1) Whenever any property is held by two or more persons in joint tenancy with right of survivorship, the right of the survivor or survivors to the immediate possession or ownership is a taxable transfer.

(2) The tax is on the full value of the property held as joint tenants with right of survivorship, except a part of the property as may be shown to have originally belonged to the survivor or survivors and never to have been received or acquired by the latter from the decedent for less than adequate and full consideration in money or money's worth. When the property or any part of the property, or part of the consideration with which the property was acquired, is shown to have been at any time acquired by the other person from the decedent for less than an adequate and full consideration in money or money's worth, only the part of the value of the property as is proportionate to the consideration furnished by the other person may be excepted. When any property has been acquired by gift, bequest, devise, or inheritance as joint tenants with right of survivorship and their interests are not otherwise specified or fixed by law, the tax is on the value of a fractional part to be determined by dividing the value of the property by the number of joint tenants with right of survivorship.

As stated above, the 1989 changes to this statute were significant. It is clear from the above language that the burden now lies on a surviving joint tenant to prove that he or she has contributed to the joint tenancy. What is not so clear is when the gift provision set forth in § 72-16-303(2), MCA, is applicable.

In its findings of fact, the District Court stated:

(4) . . . . The Court finds that the State's position would require the imposition of a **gift tax** on property transferred not in contemplation of death, but

6

on tenancies created in the normal estate planning procedure. Neither the legislature nor the Supreme Court contemplated such a position.

(5) . . . . Accordingly these funds and accounts were not being transferred in contemplation of death, and as such the **gift** of those portions of the accounts not contributed to by the surviving joint tenant cannot be taxed as such. . . .

(6) The Court further finds that although current Code Section 72-16-303, has deleted the specific reference to the three year rule found in 72-16-301, MCA, the three year rule is still set forth as part of the amended 72-16-301, MCA, and the Montana Legislature has still not imposed a **gift** tax on *inter vivos* **gifts** not made in contemplation of death and therefore without a clear mandate from the Legislature of their intent to do so, this Court can do no more than the *Dwyer* Court before it did and therefore finds, without regard to contribution, the joint tenancies in this matter can only be taxed upon the fair value of the fractional part of the joint tenancy to be determined by dividing the value of the property by the number of joint tenants with right of survivorship.

(Emphasis added.) Here, the District Court, without regard to contribution, simply treated all joint tenancy estates created three years prior to death as gifts. Section 72-16-303, MCA, does not lend itself to this interpretation. The statute, as amended in 1989, clearly mandates that contribution be considered. Furthermore, as a consequence of the 1989 amendments to § 72-16-303, MCA, there is now in Montana inheritance tax law, as in federal estate tax law, a separation of gift tax from inheritance tax on joint tenancies. See § 26 U.S.C. 2040 involving inheritance tax on joint tenancies, and §§ 2501, 2012, and 6019 involving taxation of gifts. In light of this distinction, the District Court erred by treating the joint tenancies as gifts.

Although the last sentence in § 72-16-303(2), MCA, still

7

contains a reference to property acquired by gift as joint tenants, that sentence pertains to situations in which a person creates a joint tenancy estate in others and relinquishes ownership of the property. For example, if a father transfers all property interest in a farm to his son and daughter as joint tenants, he no longer has a property interest in that farm. Thus, his transfer satisfies the requirements of a gift. Under the tax formula set forth in the last sentence of § 72-16-303(2), MCA, "the tax is on the value of a fractional part to be determined by dividing the value of the property by the number of joint tenants with right of survivorship." This formula only refers to the inheritance tax imposed when one of several joint tenants who received his or her interest as a gift dies. The formula does not, as the District Court interpreted, create a gift tax upon the death of the original owner. Thus, because each of the children in the above hypothetical received their interest in the joint tenancy as a gift, upon the death of one child, the surviving child is responsible for the tax on one-half of the value of the property. That is, a fractional part to be determined by dividing the value of the property by two, the number of joint tenants.

In contrast to this hypothetical, Emelio created a joint tenancy between himself and others. Here, Emelio remained a joint owner and did not divest himself of ownership or control. Therefore, the joint tenancies created by Emelio did not qualify as gifts for purposes of taxation on joint tenancies. To be a gift, a transfer of property must be irrevocable, complete, without

8

adequate consideration or full consideration, and unmistakably intended to divest the donor of the title, dominion and control over the property. Tagle v. United States (W.D. Mo. 1964), 229 F.Supp. 836, 848. Although the nineteen joint tenancies created by Emelio contained some of the attributes of a gift, Emelio failed to completely divest himself of interest in the property. Indeed, a joint tenancy involves the dual control of property by the joint tenants. Seman v. Lewis (1992), 252 Mont. 508, 510, 830 P.2d 1294, 1296; §§ 70-1-306, and 70-1-307, MCA. Because Emelio remained a joint tenant, he did not relinquish control of the property until the time of his death.

The District Court found that, "without regard to contribution," the DOR could only tax 50% of total value of any one joint tenancy estate. However, earlier in its decision, the court also found that the "various joint tenants may have made some contribution to the accounts and property, particularly Sherlee, Ted, Tom and Dana Parini. The evidence was somewhat suspect, but was not rebutted by the Department of Revenue." The DOR challenges the District Court's finding that there may have been contribution by these four joint tenants. Regardless of whether this evidence was rebutted or not, the burden was on the Estate to prove contribution and thus the question posed is whether the evidence presented by the Estate met this burden or whether the court's finding is clearly erroneous. After reviewing the record, we find that the District Court's determination that some of the joint tenants contributed to the joint tenancies was clearly erroneous.

9

The affidavits and the depositions of the surviving joint tenants merely reiterate the fact that a joint tenancy was created. None of the four parties claiming that they contributed to their respective joint tenancies were able to present evidence as to the amount of the alleged contribution. Section 72-16-303(2), MCA, clearly requires proof of contribution or prior ownership. Without proof of contribution in specific amounts, the DOR would have no way to ascertain what part of the joint tenancy to tax. Therefore, we hold that the vague and "suspect" evidence presented by the Estate did not satisfy its burden of proving contribution under § 72-16-303(2), MCA, and, thus, the full value of the joint tenancies are to be taxed.

Accordingly, we reverse the decision of the District Court.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10

Justice Terry N. Trieweiler dissenting.

I dissent from the majority opinion.

Although the basis for the majority's decision is not quite clear to me, I conclude that, for all practical purposes, the facts in this case are identical to those in *Department of Revenue v. Dwyer* (1989), 236 Mont. 405, 771 P.2d 93, and that the District Court's judgment should therefore be affirmed on the basis of that decision.

At one point the majority concludes that, but for changes in § 72-16-303, MCA, which were made in 1989, fifty percent taxation of the joint tenancies created by Emelio Parini would have been appropriate. The majority then concludes that two significant changes were made to § 72-16-303, MCA, which preclude the application of *Dwyer*. Finally, the majority concludes that Parini's transfers of his assets to joint accounts with his relatives were not gifts in the first place, which would presumably also preclude the application of the principles established in *Dwyer*. I disagree with both conclusions.

In *Dwyer*, the decedent had, more than three years prior to his death, created joint tenancies with his nephew which included interests in real estate and, as in this case, bank accounts. Both the decedent and his nephew were authorized to withdraw funds from the accounts, but at no time did his nephew deposit or withdraw any funds from the accounts prior to the decedent's death.

11

Following the decedent's death, the Department of Revenue, as in this case, issued a certificate showing a tax due on the full value of the jointly held property. The DOR took the position that it was entitled to do so based on language in the 1979 version of § 72-16-303, MCA, which has the same effect as the language in the 1989 version of the statute, which is now relied on by the majority. That language provided that:

> In all other cases, the full value of the property shall be taxable, except the portion thereof that originally belonged to the survivor and as to which the decedent had made no contribution; if the decedent had made a contribution to the ownership of the property, the amount of the contribution shall be taxable.

Section 72-16-303(2), MCA (1979). We held that the DOR could not tax 100 percent of the property held in joint tenancy, in spite of the aforementioned language, for the following reasons:

> In the case before us, the joint tenancies were established by the decedent more than three years prior to his death. "No such transfer of ownership made before such three year period shall be treated as having been made in contemplation of death." Section 72-16-301(3), MCA. Since there is a specific statutory direction in § 72-16-303(3), MCA, that the section shall not be construed to repeal or modify the provisions of § 72-16-301(3), the latter section must be given force and effect. The position of the Department robs that latter section of any force and effect.

> We hold it is our plain duty when interpreting statutes relating to the same subject to give effect to all, if possible, consonant with the intent of the legislature. Section 1-2-101, MCA. Montana's statutes do not provide a gift tax upon transfers of property made by a person during his lifetime except such gifts as are made in contemplation of death. The effect of the Department's interpretation of the statutes is to impose a tax upon such transfers although not levied until the grantor's or donor's death, whether or not made in contemplation of death. We do not agree with the Department that under § 72-16-303(2), MCA, only wives and

12

issue of the decedent may take advantage of the provisions of § 72-16-301(3), MCA, which excludes from taxation transfers not made in contemplation of death, or made more than three years before the death of the grantor. We hold in this case that one-half of the values of the joint tenancy estate only is taxable. The regulations of the Department which would require a contrary conclusion are inconsistent with statutory law, and thus have no effect. Section 2-4-305(6)(a), MCA.

*Dwyer*, 236 Mont. at 410-11, 771 P.2d at 96-97.

The majority concludes that our decision in *Dwyer* is no longer applicable because of two changes made to § 72-16-303, MCA (1979). They state that:

First, it requires a surviving joint tenant to prove either previous ownership or payment of consideration before tax exemption applies. Second, the 1989 Legislature repealed § 72-16-303(3), MCA (1987), which specifically referred to transfers in contemplation of death under § 72-16-301, MCA (1987).

However, the first change referred to by the majority is not really a change at all. The language referred to in the 1989 statute, by which the majority concludes a joint tenant is required to prove previous ownership or payment, has the same practical effect as the language relied on by the DOR in *Dwyer*. The 1979 language provided:

In all other cases, the full value of the property shall be taxable, except the portion thereof that originally belonged to the survivor and as to which the decedent had made no contribution; if the decedent had made a contribution to the ownership of the property, the amount of the contribution shall be taxable.

The language in the 1989 statute, which is relied on by the majority to distinguish *Dwyer*, provides in part as follows:

(2) The tax is on the full value of the property held as joint tenants with right of survivorship, except a part of the property as may be shown to have originally belonged to the survivor or survivors and never to have

13

been received or acquired by the latter from the decedent for less than adequate and full consideration in money or money's worth.

Section 72-16-302(2), MCA (1989).

The second change relied on by the majority, the deletion of the reference to § 72-16-301, MCA, found in subparagraph (3) of the 1979 version of § 72-16-303, MCA, is irrelevant. That language was superfluous and added nothing to the duty we already had to construe all parts of the same chapter in a way that gave effect to all of those provisions. As we pointed out in *Dwyer*, § 1-2-101, MCA, requires that "it is our plain duty when interpreting statutes relating to the same subject to give effect to all, if possible, consonant with the intent of the legislature." *Dwyer*, 236 Mont. at 411, 771 P.2d at 96-97.

Therefore, we are no less compelled, when interpreting § 72-16-303, MCA (1989), to consider § 72-16-301, MCA (1989), than we were compelled to consider both statutes when we decided *Dwyer*. Since § 72-16-301, MCA (1989), still provides that transfers made by a decedent more than three years prior to death are not in contemplation of death, our rationale and holding in *Dwyer* is as applicable today as it was when it was decided.

Montana's statutes still do not provide a gift tax upon transfers of property unless made in contemplation of death, and the effect of the Department's argument in this case, as in *Dwyer*, is to impose a tax on those transfers, although not levied until the time of the donor's death. The majority now accepts the

14

argument that it rejected in *Dwyer* without any basis for changing its prior conclusion.

For these reasons, I dissent from the majority opinion. I would affirm the judgment of the District Court.

_____
Justice

November 7, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Deborah Harten, Tax Counsel
Department of Revenue, Office of Legal Affairs
P.O. Box 202701
Helena, MT 59620-2701

Leonard J. Haxby
Haxby & Somers
P.O. Box 3008
Butte, MT 59702-3008

W.G. Gilbert, III
Attorney at Law
15 South Idaho
Dillon, MT 59725

Carl M. Davis
Attorney at Law
122 E. Glendale
Dillon, MT 59725

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy