JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion.
Although the basis for the majority’s decision is not quite clear to me, I conclude that, for all practical purposes, the facts in this case are identical to those in Department of Revenue v. Dwyer (1989), 236 Mont. 405, 771 P.2d 93, and that the District Court’s judgment should therefore be affirmed on the basis of that decision.
At one point the majority concludes that, but for changes in § 72-16-303, MCA, which were made in 1989, fifty percent taxation of the joint tenancies created by Emelio Parini would have been appropriate. The majority then concludes that two significant changes were made to § 72-16-303, MCA, which preclude the application of Dwyer. Finally, the majority concludes that Parini’s transfers of his assets to joint accounts with his relatives were not gifts in the first place, which would presumably also preclude the application of the principles established in Dwyer. I disagree with both conclusions.
In Dwyer, the decedent had, more than three years prior to his death, created joint tenancies with his nephew which included interests in real estate and, as in this case, bank accounts. Both the decedent and his nephew were authorized to withdraw funds from the accounts, but at no time did his nephew deposit or withdraw any funds from the accounts prior to the decedent’s death.
Following the decedent’s death, the Department of Revenue, as in this case, issued a certificate showing a tax due on the full value of the jointly held property. The DOR took the position that it was entitled to do so based on language in the 1979 version of § 72-16-303, MCA, which has the same effect as the language in the 1989 version *94 of the statute, which is now relied on by the majority. That language provided that:
In all other cases, the full value of the property shall be taxable, except the portion thereof that originally belonged to the survivor and as to which the decedent had made no contribution; if the decedent had made a contribution to the ownership of the property, the amount of the contribution shall be taxable.
Section 72-16-303(2), MCA (1979). We held that the DOR could not tax 100 percent of the property held in joint tenancy, in spite of the aforementioned language, for the following reasons:
In the case before us, the joint tenancies were established by the decedent more than three years prior to his death. “No such transfer of ownership made before such three year period shall be treated as having been made in contemplation of death.” Section 72-16-301(3), MCA. Since there is a specific statutory direction in § 72-16-303(3), MCA, that the section shall not be construed to repeal or modify the provisions of § 72-16-301(3), the latter section must be given force and effect. The position of the Department robs that latter section of any force and effect.
We hold it is our plain duty when interpreting statutes relating to the same subject to give effect to all, if possible, consonant with the intent of the legislature. Section 1-2-101, MCA. Montana’s statutes do not provide a gift tax upon transfers of property made by a person during his lifetime except such gifts as are made in contemplation of death. The effect of the Department’s interpretation of the statutes is to impose a tax upon such transfers although not levied until the grantor’s or donor’s death, whether or not made in contemplation of death. We do not agree with the Department that under § 72-16-303(2), MCA, only wives and issue of the decedent may take advantage of the provisions of § 72-16-301(3), MCA, which excludes from taxation transfers not made in contemplation of death, or made more than three years before the death of the grantor. We hold in this case that one-half of the values of the joint tenancy estate only is taxable. The regulations of the Department which would require a contrary conclusion are inconsistent with statutory law, and thus have no effect. Section 2-4-305(6)(a), MCA.
Dwyer, 236 Mont. at 410-11, 771 P.2d at 96-97.
*95 The majority concludes that our decision in Dwyer is no longer applicable because of two changes made to § 72-16-303, MCA (1979). They state that:
First, it requires a surviving joint tenant to prove either previous ownership or payment of consideration before tax exemption applies. Second, the 1989 Legislature repealed § 72-16-303(3), MCA (1987), which specifically referred to transfers in contemplation of death under § 72-16-301, MCA (1987).
However, the first change referred to by the majority is not really a change at all. The language referred to in the 1989 statute, by which the majority concludes a joint tenant is required to prove previous ownership or payment, has the same practical effect as the language relied on by the DOR in Dwyer. The 1979 language provided:
In all other cases, the full value of the property shall be taxable, except the portion thereof that originally belonged to the survivor and as to which the decedent had made no contribution; if the decedent had made a contribution to the ownership of the property, the amount of the contribution shall be taxable.
The language in the 1989 statute, which is relied on by the majority to distinguish Dwyer, provides in part as follows:
(2) The tax is on the full value of the property held as joint tenants with right of survivorship, except a part of the property as may be shown to have originally belonged to the survivor or survivors and never to have been received or acquired by the latter from the decedent for less than adequate and full consideration in money or money’s worth.
Section 72-16-302(2), MCA (1989).
The second change relied on by the majority, the deletion of the reference to § 72-16-301, MCA, found in subparagraph (3) of the 1979 version of § 72-16-303, MCA, is irrelevant. That language was superfluous and added nothing to the duty we already had to construe all parts of the same chapter in a way that gave effect to all of those provisions. As we pointed out in Dwyer, § 1-2-101, MCA, requires that “it is our plain duty when interpreting statutes relating to the same subject to give effect to all, if possible, consonant with the intent of the legislature.” Dwyer, 236 Mont. at 411, 771 P.2d at 96-97.
Therefore, we are no less compelled, when interpreting § 72-16-303, MCA (1989), to consider § 72-16-301, MCA(1989), than we were compelled to consider both statutes when we decided Dwyer. Since § 72-16-301, MCA (1989), still provides that transfers made by a decedent more than three years prior to death are not in contempla *96 tion of death, our rationale and holding in Dwyer is as applicable today as it was when it was decided.
Montana’s statutes still do not provide a gift tax upon transfers of property unless made in contemplation of death, and the effect of the Department’s argument in this case, as in Dwyer, is to impose a tax on those transfers, although not levied until the time of the donor’s death. The majority now accepts the argument that it rejected in Dwyer without any basis for changing its prior conclusion.
For these reasons, I dissent from the majority opinion. I would affirm the judgment of the District Court.